NAYMAN ET AL., APPELLANTS, *v.* KILBANE, JUDGE, APPELLEE.

[Cite as Nayman *v.* Kilbane (1982), 1 Ohio St. 3d 269.]

(No. 81-1787—Decided September 15, 1982.)

*Messrs. Endress & Endress, Mr. Richard R. Endress* and *Mr. Jeffery C. Endress,* for appellee.

*Messers. McNamara, Gemperline & Wagner, Mr. Douglas B. M. Ehlke, Mr. Robert J. Gemperline* and *Mr. Richard B. Gemperline,* for appellants.

*Per Curiam.* The issue to be resolved on this appeal is whether a writ of prohibition should issue in this cause to prevent appellee from exercising jurisdiction in the action filed against the appellants by Mazza. Appellants contend the Workers' Compensation Act, R.C. 4123.74, 4123.741 and Section 35, Article II, of the Ohio Constitution, grant a complying employer absolute immunity for intentional torts resulting in injury to an employee, when that employee's injury is compensable under the Workers' Compensation Act. From this the appellants conclude such claims by employees for intentional torts are exclusively within the jurisdiction of the Industrial Commission, thus rendering appellee's "assumption of jurisdiction * * * an unauthorized usurpation of judicial power * * *'' which mandates the issuance of a writ of prohibition. For the following reasons, we disagree.

As stated by this court in *State, ex rel. Henry,* v. *Britt* (1981), 67 Ohio St. 2d 71, at 73-74 [21 O.O. 3d 45, 47]:

"Prohibition is an extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. * * *

"* * *

"This court has often had the opportunity to address the question whether a writ of prohibition should be used to prevent the exercise of jurisdiction by an inferior court.

" 'It is established law in Ohio that ''[a] court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action.'' * * * The corollary to that general rule is that ''[w]here there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed * * *.'' ' ''

Therefore, relying upon *Britt,* our inquiry must initially focus upon whether the Court of Common Pleas totally lacks jurisdiction over the action filed by Mazza against the appellants.

In *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O. 3d 504], this court stated as follows:

"An employee is not precluded by Section 35, Article II of the Ohio Constitution, or by R.C. 4123.74 and 4123.741 from enforcing his common law remedies against his employer for an intentional tort.''

At page 620 in *Blankenship,* Justice Locher also stated: ''* * * intentional torts fall outside the workers' compensation scheme, and *jurisdiction for intentional torts done by employers to their employees lies in the Court of Common Pleas.''* (Emphasis added.) (Locher, J., concurring in part and dissenting in part.)

In view of this court's position as announced in *Blankenship,* it is clear the common pleas court does possess general subject matter jurisdiction of Mazza's action against the appellants. Furthermore, normally a precondition to the issuance of a writ of prohibition is a demonstration by the petitioner that he has no adequate legal remedy by the normal appellate process. See *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47 [4 O.O. 3d 116], and *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263 [35 O.O. 2d 424]. The appellants herein do have an adequate remedy at law in appeal from any adverse holding by the Court of Common Pleas.

Our holding denies appellants' request for a writ of prohibition and is confined to the mere proposition that the common pleas court possesses the jurisdiction to review Mazza's cause to determine whether a cognizable claim exists.

This decision is consistent with our holding under the old summary judgment statute before Civ. R. 56 became effective, that denial of a motion for summary judgment is an interlocutory order from which appeal does not lie, *State, ex rel. Overmeyer,* v. *Walinski* (1966), 8 Ohio St. 2d 23 [37 O.O.2d 358], and with our holding in *Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287 [16 O.O.3d 329], that if a motion for summary judgment is overruled and a trial is held, the question whether the overruling of the summary judgment was correct may be raised on appeal by movant when the judgment after trial is adverse to him.

Accordingly, the judgment of the Court of Appeals granting appellee's motion to dismiss is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES and KRUPANSKY, JJ., dissent.

HOLMES, J., dissenting. I must strongly dissent for a number of reasons. First, I am unalterably opposed to the position taken by the majority in *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], an opinion which disemboweled and dismembered the long-established law of this state to the effect that civil actions in tort may not be brought by an employee against his employer for injuries received by the employee in the regular course of his employment.

Second, the facts of this case are markedly different from those found in *Blankenship.* Here, there are apparently no facts present — either in the injurious incident, or in the allegations of the complaint — which could reasonably be interpreted as constituting an intentional tort of the employer perpetrated against the employee. Although we do not have the pleadings and, more specifically, the complaint before this court, it appears that the facts are that the plaintiff was injured due to the fact that a fellow employee,

while working on the press, tripped or triggered some mechanism of the machine which activated its movement and resulted in the injuries.

There appears to be no basis asserted here that allegations could be made that the employer, knowing of a defective condition of the machine, had compelled this plaintiff to continue to work with this machine. Nor is there a seeming basis for an allegation that the employer mandated this plaintiff, without proper instruction, to function with a piece of equipment for which he had not been trained, or had been improperly trained. Nor is there any other suggestion that the complaint contains any other jurisdictional basis upon which the trial court could review a now claimed intentional tort committed by the employer. Certainly, the mere usage of the words "intentional tort" within the complaint, without alleging some facts in support thereof, would not give the Court of Common Pleas jurisdiction in an industrial injury case.

Third, I base my dissent upon the fact that the stance of this employee has vested the jurisdiction for any industrial accident claim solely within the Industrial Commission of Ohio. Here, this employee had filed a claim for his injuries with the commission, and had in fact been awarded compensation from the Workers' Compensation Fund for these injuries. In essence, it should be held that this employee either had waived, or should be estopped from, bringing a civil action in the Court of Common Pleas alleging the commission of an "intentional tort" by his employer.

The Court of Common Pleas, under these circumstances, has no lawful basis for determining that it had subject matter jurisdiction over this proceeding.

Accordingly, the writ of prohibition should issue.

KRUPANSKY, J., concurs in the foregoing dissenting opinion.