**Jack L. RITCHIE, Plaintiff,**

v.

**DRAVO CORPORATION, Defendant.**

**No. C–2–82–1163.**

United States District Court,
S.D. Ohio, E.D.

Feb. 2, 1984.

Ronald R. Calhoun, Gallipolis, Ohio, for plaintiff.

J. Scott Jamieson, Columbus, Ohio, for defendant.

MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on defendant's motion for summary judgment. The facts are undisputed.

I

On September 27, 1980, plaintiff sustained an injury when his welding line became unhooked and he fell from his working area. Plaintiff applied to the Ohio Bureau of Workers' Compensation for medical benefits and compensation which were awarded by the Industrial Commission upon their finding that plaintiff suffered a compensable accidental injury in the course of and arising out of his employment with the defendant.

Plaintiff also filed a civil action against the defendant-employer alleging that defendant knowingly failed to provide plaintiff with a safe work place by failing to improve working conditions which defendant knew to be in violation of safety regulations. Defendant argues that this suit is barred because plaintiff has already elected and accepted the only appropriate remedy. Plaintiff argues that he is entitled to pursue this matter because he was injured as a result of the intentional tortious conduct of the defendant.

## II

■ As a general rule, workers' compensation is the exclusive remedy for the injured employee; that is, where an employee's injury is "received or contracted … in the course of or arising out of his employment," that injury is compensable exclusively under the Workers' Compensation Act, and the employer is granted immunity from common law tort liability for such injuries. R.C. 4123.74; Ohio Constitution Article II, § 35.

■ Conversely, injuries which are not received in the course of or do not arise out of employment are not compensable under the Workers' Compensation Act. Nor does that Act bar common law actions by employee against an employer for an injury that is not compensable under the Act. *Workman's Compensation*, 58 O.Jur.2d 106.

■ As has already been noted, in order to be compensable under the Workers' Compensation Act, an employee's injury must be "received in the course of, and [arise] out of …. the injured employee's employment." R.C. 4123.01(C). In this regard the Supreme Court of Ohio recently held that an injury caused by the intentional tortious conduct of an employer is not an injury received in the course of and arising out of the employee's employment. *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608, 433 N.E.2d 572, 573 (1982). In other words, an employee who is injured by the intentional conduct of his employer may bring a civil action in a court of law but may not seek to recover under the provisions of the Workers' Compensation Act. This is simply a common sense recognition that an employee who is injured is not entitled to a dual recovery. *See Varnes v. Willis Day Moving Storage Co.*, 6 Ohio Bar Reports 506, 509–511 (1983).

■ Unlike the plaintiff in *Blankenship*, the plaintiff in this case applied for and was granted workers' compensation benefits. Plaintiff nonetheless brings this civil suit seeking damages against his employer alleging that his injury was the result of the intentional tortious conduct of his employer. Since the plaintiff has already been compensated for his injury under workers' compensation, and since an award under workers' compensation necessarily means that plaintiff's injury arises out of or was received in the course of his employment, under the rule in *Blankenship* his injury cannot be the result of the intentional tortious conduct of his employer. *See also Varnes, supra*, at 509–511.

Accordingly, the Court concludes that defendant's motion for summary judgment is well taken, and it is hereby GRANTED.

SO ORDERED.