Patricia L. PRATT, Plaintiff,

v.

NATIONAL DISTILLERS AND CHEMICAL CORP., d/b/a, Emery Industries, Defendant.

No. C–1–83–249.

United States District Court, S.D. Ohio, W.D.

Feb. 22, 1984.

ORDER GRANTING DEFENDANT's MOTION FOR SUMMARY JUDGMENT (Doc. No. 12)

CARL B. RUBIN, Chief Judge.

This matter is before the Court on defendant's Motion for Summary Judgment (Doc. No. 12). Defendant argues that plaintiff [1] cannot maintain a cause of action for an intentional tort after having accepted workers' compensation benefits.

The pertinent facts may be briefly stated. Plaintiff's husband was injured in a chemical explosion in defendant's plant on

1. Plaintiff sues as surviving spouse and administratrix of the estate of her late husband, who died as a result of injuries sustained in an explosion in defendant's plant.

February 18, 1982. He died on March 16, 1982.

In the weeks between his injury and his death, plaintiff's husband received workers' compensation benefits and payment for his medical expenses. After her husband's death, plaintiff received funeral expenses and death benefits under workers' compensation.

On February 17, 1984, plaintiff filed this lawsuit, alleging that her husband's injuries and death resulted from an intentional tort by defendant. Defendant has moved for summary judgment, arguing that plaintiff may not maintain a lawsuit after having accepted workers' compensation benefits.

▮▮▮ The general rule in diversity cases is that a federal court must apply the law as expressed by the highest court of the state. *Coleman v. Western Electric Co.*, 671 F.2d 980, 983 (6th Cir.1982); *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151, 1153 (6th Cir.1981). However, if the highest court of the state has not spoken, the federal court must ascertain what the state law is and apply it. *Id.* A principle announced by a state appellate court is an indicator for ascertaining state law and should not be ignored by a federal court unless other indicators suggest that the state's highest court would decide otherwise. *Id.*

The election of remedies question presented by this case has not been squarely addressed by the Supreme Court of Ohio. In *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), that Court held that Ohio's constitutional and statutory provisions establishing workers' compensation[2] did not preclude an employee from enforcing his common law remedies against his employer for an intentional tort. Although

the plaintiffs in *Blankenship* were in fact receiving or seeking workers' compensation benefits, *see, Blankenship v. Cincinnati Milacron Chemicals, Inc.*, No. C–790768 (1st App.Dist. Jan. 14, 1981), Slip op. at 3, the Supreme Court was not presented with, nor did it address, the question of whether a worker must choose between workers' compensation and a suit for an intentional tort.

Similarly, that question was left unanswered in *Nayman v. Kilbane*, 1 Ohio St.3d 269, 439 N.E.2d 888 (1982). *Nayman* also involved a suit for an intentional tort. The plaintiffs were receiving workers' compensation benefits and, in contrast to *Blankenship*, that fact was specifically set forth in the *Nayman* decision. Defendants in *Nayman* argued that the trial court lacked jurisdiction, because the suit was barred by the workers' compensation statutes. They filed a Complaint seeking a Writ of Prohibition, which the state Court of Appeals dismissed.

In affirming *per curiam*, the Supreme Court stated, "In view of this court's position as announced in *Blankenship*, it is clear the common pleas court does possess general subject matter jurisdiction ..." *Id.* at 271, 439 N.E.2d 888. The court went on to say that its holding was "confined to the mere proposition that the common pleas court possesses the jurisdiction to review [plaintiff's] cause to determine whether a cognizable claim exists." *Id.*

This Court can discern no definitive resolution of the election of remedies issue in the foregoing pronouncements.[3] Accordingly, it proceeds to an examination of other indicators.

One Ohio Court of Appeals has held that a worker must elect between receiving workers' compensation benefits and filing a

**2.** Ohio Constitution, Section 35, Article II and Ohio Rev. Code §§ 4123.74 and 4123.741 were at issue.

**3.** It is worthy of note, however, that Justice Holmes of the Supreme Court of Ohio, dissenting in *Nayman,* did directly confront the election issue. Pointing out that plaintiff had filed

for and received workers' compensation benefits, Justice Holmes argued that "it should be held that this employee either had waived, or should be estopped from, bringing a civil action ... alleging the commission of an 'intentional tort' by his employer." *Id.* at 272, 439 N.E.2d 888 (Holmes, J., dissenting).

lawsuit alleging an intentional tort, and that choosing the former course bars the latter. *Gains v. Webster Manufacturing Co.,* ___ Ohio App. ___, 466 N.E.2d 576 (11th App.Dist.1984).

 Relying on the Supreme Court's analysis in *Blankenship,*[4] the *Gains* court concluded that an injured worker could not seek redress both under the theory that his injury occurred in the course of his employment (worker's compensation) and under the theory that it occurred outside the course of his employment (intentional tort.) The court therefore held that an injured worker must choose between the two remedies.[5]

This Court concurs in the analysis and reasoning in *Gains.* The Court notes that the same analysis was recently employed by Judge Robert M. Duncan of this Court in granting a Motion for Summary Judgment on facts identical in all pertinent respects to those at bar. *Ritchie v. Dravo Corp.,* 585 F.Supp. 1455 (S.D.Ohio 1984) (Memorandum and Order).[6]

The summary judgment standard in this Circuit is a stringent one. Federal Rule of Civil Procedure 56(c) permits the Court to grant summary judgment only when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Watkins v. Northwestern Ohio Tractor Pullers,* 630 F.2d 1155, 1158 (6th Cir.1980).

The Court finds that there exists no genuine issue of material fact. Based on the

---

4. The *Blankenship* holding was based on a distinction between an injury sustained "in the course of and arising from" employment, compensable under worker's compensation, and an injury sustained as a result of an intentional tort. The Court reasoned that the latter "is clearly not an 'injury' arising out of the course of employment." *Blankenship, supra,* 69 Ohio St.2d at 613 n. 8, 433 N.E.2d 572.

5. The only other Ohio Court of Appeals to address this issue has stated that "an employee is not estopped nor is he precluded from seeking monetary damages [for an intentional tort]

foregoing authority, the Court further finds that defendant is entitled to judgment as a matter of law.

Accordingly, defendant's Motion for Summary Judgment (Doc. No. 12) must be and is hereby **GRANTED.**

**IT IS SO ORDERED.**

merely because he has filed for and received workers' compensation benefits." *Hamlin v. Snow Metal Products,* No. 46229 (8th App.Dist. Jan. 5, 1984), Slip Op. at 21. The precise issue in *Hamlin* was whether the trial court erred in refusing to admit plaintiff's Bureau of Workers' Compensation records during trial of his intentional tort lawsuit against his employer.

6. It should be noted in passing that Judge Duncan's expertise in dealing with Ohio law includes service as a Justice of the Ohio Supreme Court.