**Nancy L. FLYNN, Plaintiff,**

v.

**FAHLGREN & SWINK, INC., Defendant.**

No. C2–90–200.

United States District Court, S.D. Ohio, E.D.

Aug. 23, 1990.

James Helmer, Cincinnati, Ohio, for plaintiff.

Harry Finke and Bruce Petrie, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant to Defendant Fahlgren & Swink, Inc.'s ("F & S") motion to dismiss Count IV of Plaintiff's Complaint. The plaintiff, Nancy L. Flynn ("Flynn") filed a memorandum in opposition to the motion, to which the defendant has filed a reply memorandum. The dismissal is sought pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Essentially, the motion surrounds the issue of whether the State of Ohio recognizes the tort of negligent infliction of emotional distress in relationship to the termination of employment. This issue will be addressed herein.

## FACTS

In Plaintiff's Complaint she states that she was employed by the defendant as a Managing Director of the Thomas Archer Group. She held this position from May of 1987 to June 1, 1989. She alleges that she was paid less as the Managing Director than was her male predecessor or her male successor. She further alleges that she never received the perquisites that her male predecessor had enjoyed, and which other male executives currently are provided. She states that she frequently requested such equal pay and perquisites, and was told by at least one of Defendant's managerial employees that she would have received higher wages and the requested perquisites had she been male. The plaintiff's Complaint also alleges that she has told that some of her superiors had difficulty accepting a woman in her job.

The Plaintiff's Complaint states that her performance as Managing Director was recognized as superior, and allegedly surpassed that of her predecessor and her successor. She contends that throughout her employment with the defendant she received favorable feedback concerning her job performance and was never informed that her job performance was not satisfactory. She states in the complaint, "[I] was never disciplined nor was any other corrective action taken against [me] at any time during [my] employment." She further alleges that the defendant gave her frequent assurances that her position was a secure one, including a statement made just prior to her termination that it was considering expanding her responsibilities.

On June 1, 1989 Ms. Flynn was terminated. She was allegedly asked to leave the premises that day. Her previous position has allegedly been filled by a male who Plaintiff contends is "less qualified and less experienced." See Complaint at p. 3.

The instant suit is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; pursuant to Ohio Revised Code Section 4112.99, and with jurisdiction arising under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). The parties are in agreement that this Court has proper subject matter jurisdiction and that venue is proper in the United States District Court for the Southern District of Ohio, Eastern Division. The plaintiff brings this suit alleging Title VII sex discrimination, sex discrimination under Ohio law, a claim of promissory estoppel and negligent infliction of emotional dis-

tress. For purposes here we will concern ourselves only with the final claim; negligent infliction of emotional distress, and the defendant's motion for dismissal of the claim.

## DECISION

The object of a motion to dismiss is to test the sufficiency of the pleadings. All well pleaded facts are taken as true and the complaint is liberally construed in favor of the party opposing the motion. *L'Orange v. Medical Protective Co.,* 394 F.2d 57, 59 (6th Cir.1968). However, such a motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Essentially, the defendant argues that although the Ohio courts recognize the tort of negligent infliction of severe emotional distress without resulting physical harm to the plaintiff in some circumstances, *See Paugh v. Hanks,* 6 Ohio St.3d 72, 451 N.E.2d 759 (1983), recovery has been limited to situations where the plaintiff "either witnessed or experienced a dangerous accident or appreciated the physical peril and, as a result of this cognizance, suffered serious emotional distress." *Criswell v. Brentwood Hospital,* 49 Ohio App.3d 163, 165, 551 N.E.2d 1315, 1317 (Cuyahoga Cty. 1989). *See also, Paugh, supra; Schultz v. Barberton Glass Co.,* 4 Ohio St.3d 131, 447 N.E.2d 109 (1983). The plaintiff rejects this position.

The case of *Schultz v. Barberton Glass Co.,* was decided in 1983 by the Ohio Supreme Court. In that case it was held that a cause of action may be stated for the negligent infliction of emotional distress without a contemporaneous physical injury. A few months later, the Ohio Supreme Court decided the case of *Paugh v. Hanks, supra.* In that case the Court seized "the opportunity to establish standards in this ever evolving area of tort law," *Id.* 6 Ohio St.3d at 74, 451 N.E.2d 759. The Court held that the emotional injuries sustained must be found to be both serious and reasonably foreseeable.

In this district's decision in *Oldfather v. Ohio Dept. of Transportation,* 653 F.Supp. 1167 [48 FEP Cases 607] (S.D.Ohio 1986) (J. Rice), *appeal dismissed,* 816 F.2d 681 [48 FEP Cases 642] (1987) the Court noted, "... that Ohio cases awarding recovery for negligent infliction of emotional distress have involved situations in which bystanders to accidents sustained emotional injuries due to the shock resulting from observing the accident." *Id.* at 1181, *citing Paugh, supra.* The Court in concluding that a termination of employment case "... is plainly not such a case," entered judgment for the defendant. *Id.* Likewise, in *Stradford v. Rockwell International,* 48 FEP Cases 697, 1988 WL 159939 (S.D.Ohio 1988) (J. Holschuh), the Court addressed *Schultz, Paugh* and *Oldfather* in concluding that "[t]his Court cannot expand current Ohio law. Therefore, without a clear expression of intent from the Ohio Supreme Court to broaden the current application of this tort to include actions arising out of an employment setting, this Court will not recognize a claim in the present case [employment discrimination matter] for negligent infliction of emotional distress." *Id.* at 703.

The Ohio Supreme Court has not broadened the application of the tort of negligent infliction of emotional distress. Therefore, this Court sees no reason to stray from the strong district precedent. Thus, this Court will not recognize Plaintiff's Count IV and as such Defendant's Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED.