Susan **CRIHFIELD, et al., Plaintiffs,**

v.

**MONSANTO CO., et al., Defendants.**

No. C–1–93–616.

United States District Court, S.D. Ohio, W.D.

Feb. 11, 1994.

Dexter Arthur Rabourn, Waite, Schneider, Bayless & Chesley Co., Cincinnati, OH, for Susan and Harvey W. Crihfield.

Michael Samuel Glassman, Dinsmore & Shohl, Cincinnati, OH, for Monsanto Co.

Ralph Gary Winters, McCaslin, Imbus & McCaslin, Cincinnati, OH, for Harold Hall.

### ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court on the Defendant Monsanto Company's Motion to Dismiss (doc. 4), Defendant Harvey Hall's Motion to Dismiss (doc. 8), the Plaintiffs' Memoranda in Opposition to Defendant Monsanto Company's Motion (doc. 11) and in Opposition to Defendant Hall's Motion (doc. 12), Defendant Harold Hall's Reply (doc. 13), Defendant, Monsanto Company's Reply (doc. 14), the Plaintiffs' Motion for Leave to File Their Reply to Defendant Hall's Reply (doc. 16), Plaintiffs' Motion for Leave to File Their Reply to Defendant Monsanto Company's Reply (doc. 17), Plaintiff's Motion for Leave to Amend Complaint (doc. 15), Defendant Monsanto Company's Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint or Alternative Motion to Dismiss the Amended Complaint (doc. 19) and, finally, Plaintiff's Reply Memorandum to Defendant Monsanto Company's Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint and Plaintiffs' Memorandum Contra Defendant Monsanto Company's Motion to Dismiss the Amended Complaint (doc. 20).

### BACKGROUND

This is a sexual harassment case brought under Title VII as well as under Ohio Revised Code § 4112.02 and 4112.99 and Ohio common law. The Plaintiffs allege that Defendant Harold Hall, an employee of the Defendant Monsanto Company, exposed his genitals to Plaintiff Susan Crihfield, while on the job. This incident, the Plaintiffs claim, began a pattern of harassment and coercion

by Defendant Hall which included unwelcome sexual advances, requests for sexual favors, unconsented sexual fondling, display of sexually explicit photographs, and further exposure of his genitals.

All this behavior is alleged to have taken place while Mr. Hall was Mrs. Crihfield's direct superior and while both were on the property of and employed by Monsanto. Further, the Plaintiffs claim that Monsanto was aware of Defendant Hall's alleged sexual proclivities through prior complaints by female employees, as well as a conviction for criminal indecent exposure.

The Plaintiffs' First Cause of Action is for sexual discrimination under Title VII. The Second Cause of Action is based on Ohio Revised Code §§ 4112.02 and 4112.99. The Third Cause of Action is based on negligent hiring. None of these are the subject of the present Motions to Dismiss. The Defendant Monsanto directs its Motion to Dismiss to the remaining counts of the Complaint. Defendant Hall joins in Monsanto's challenge to counts five and eight. The Plaintiffs' Fourth Cause of Action alleges intentional infliction of emotional distress. The Fifth Cause of Action alleges negligent infliction of emotional distress. The Sixth Cause of Action is for assault and battery. The Seventh Cause of Action alleges a failure to warn. Finally, the Eighth Cause of Action sets forth a loss of consortium claim by the Plaintiff Harvey Crihfield, Susan Crihfield's husband.

## STANDARD OF REVIEW

The Defendants state that they are moving to dismiss based on Rule 12(b)(1) of the Federal Rules of Civil Procedure, which challenges the subject matter jurisdiction of the Court. However, their arguments are based on failure to state a claim. In the absence of any jurisdictional arguments, we will assume that they intend to base their motion on Rule 12(b)(6). Indeed, this is the assumption that the Plaintiffs have made in their response.

A motion to dismiss for failure to state a claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the party opposing the motion. *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983). The court must accept as true all allegations in the well pleaded complaint under attack. *Id.* The court may grant the motion only "if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Balderaz v. Porter,* 578 F.Supp. 1491, 1494 (S.D.Ohio 1983).

## DISCUSSION

### Motions to Supplement

■ Initially, we must consider Plaintiffs' Motions (docs. 16 & 17) that they be permitted to reply to Defendant Hall's Reply and to reply to Defendant Monsanto's Reply. Such supplementary replies are discouraged by local rule and require a showing of good cause for their consideration. Local Rule 7.2(a)(2). However, this case raises novel questions of Ohio law. The parties have argued their perspective viewpoints vigorously. Therefore, for good cause shown and out of an abundance of caution, the Court grants the Plaintiffs' Motions and has considered their supplementary replies in reaching its conclusions on Defendants' Motions to Dismiss.

### Motion to Amend Complaint

■ Defendant Hall's Reply Memorandum (doc. 13) raises a new issue concerning Plaintiffs' loss of consortium claim. The Plaintiffs have attempted to remedy the problem by amending their Complaint. There is only one change made in the Plaintiffs' First Amended Complaint, but it is significant. This change is found in paragraph 51, in which Plaintiffs set forth their loss of consortium claim. In the original Complaint, the Plaintiffs, perhaps inadvertently, posited Harvey Crihfield's derivative loss of consortium claim on "the negligence of the Defendants" toward Susan Crihfield. In order that their loss of consortium could be based on the alleged intentional acts of the Defendants, as well as alleged negligence, the Plaintiffs have requested that we allow them to amend paragraph 51, so that their loss of consortium claim is based on "the intentional and negligent conduct of the Defendants."

This distinction could become crucial, if the Plaintiffs do not prevail on their negligence claim at trial. Since Harvey Crihfield's consortium claim is derivative, it must stand or fall with the primary claims of Susan Crihfield. The Plaintiffs have simply requested that we allow them to rest their loss of consortium claim on all of Susan Crihfield's primary claims, and not on her negligence claim alone. We find this to be a reasonable request.

Once a responsive pleading has been filed, a party must have leave of court to amend. Fed.R.Civ.P. 15(a). Leave of court "shall be freely given when justice so requires." *Id.* Furthermore, pleadings may be amended at any time in order to conform to the evidence. Fed.R.Civ.P. 15(b). In the interest of justice, the Plaintiffs' Motion to Amend Their Complaint must be granted. As the Plaintiffs argue, the Defendants were on notice both of the Plaintiffs' intentional tort claims and the Plaintiffs' loss of consortium claim. We will therefore consider the Defendants' Motion to Dismiss in light of the Plaintiffs' First Amended Complaint. In fairness to the Defendants, we must also consider Monsanto's Alternative Motion to Dismiss the Amended Complaint (doc. 19) since it was prepared in anticipation of our granting the Plaintiffs' Motion to Amend Complaint.

### Motions to Dismiss

We may now turn to the merits of the Defendants' Motions to Dismiss. Defendant Monsanto challenges the Plaintiffs' Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action which allege intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery, failure to warn, and loss of consortium, respectively. Defendant Hall joins Monsanto in challenging the negligent infliction of emotional distress and loss of consortium claims. We will examine each in turn.

### A. Intentional Infliction of Emotional Distress

For the purposes of this motion we must assume that all the allegations in the Complaint are true. Under this assumption, there can be no doubt that the Plaintiffs' state a case against Defendant Hall. However, Defendant Monsanto contests the exten-sion of liability to them on the basis of agency law. Monsanto argues that, as a matter of law, it cannot be held responsible for the torts of its employee unless the employee's actions giving rise to the tort are calculated to facilitate or promote the business for which the employee was employed. In doing so the Defendants rely heavily on *Byrd v. Faber*, 57 Ohio St.3d 56, 58, 565 N.E.2d 584 (1991). In *Byrd* the plaintiff, who was a church member, sought to recover under a respondeat superior theory from the Seventh–Day Adventist Church for the sexual misconduct of one of its ministers toward her. The Ohio Supreme Court upheld dismissal of the plaintiff's claims under a tough "scope of employment" test. However, the analysis in *Byrd* relies heavily on the fact that the defendant was a church, raising among other problems First Amendment questions. Further, the plaintiff was not an employee of the church. Finally, the *Byrd* court states that the plaintiff "ha[s] alleged *no fact indicating that the [church] should reasonably have foreseen that [the minister] would behave in this manner towards his parishioners.*" 57 Ohio St.3d at 60, 565 N.E.2d 584.

The Defendant Monsanto's scope of employment argument has been resoundingly rejected by the federal courts in the area of sexual discrimination in the workplace. *See Meritor Sav. Bank, FSB v. Vison,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (holding that an employer is not insulated from liability for harassment by supervisors merely because of absence of knowledge or because they have grievance procedures and anti-discrimination policies); *Yates v. Avco Corp.,* 819 F.2d 630, 636 (6th Cir.1987) (where employee is supervisor, it is easier to impute his own knowledge to management); *Shrout v. Black Clawson Co.,* 689 F.Supp. 774, 781 (1988) (Spiegel, J.) ("Because the harassment took place during working hours, at the office, and was carried out by someone with the authority to hire, fire, promote and discipline the plaintiff, we conclude that [defendant's] conduct took place in the scope of his employment.").

The law is no different in Ohio. In *Kerans v. Porter Paint Co.* the defendant raised the

same agency arguments Monsanto now raises, citing the same *Byrd* case. The Ohio Supreme Court specifically rejected the defendant's citation of *Byrd*, and went on to reject the defendant's agency arguments on two grounds. *Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486, 490–92, 575 N.E.2d 428 (1991). First, the Ohio court cited approvingly the federal cases mentioned above, quoting from our opinion in *Shrout v. Black Clawson Co.* Accordingly, the Ohio court held that where a supervisor uses his authority to cause plaintiff to feel she had to endure his advances in order to keep her job, a jury could reasonably find that he acted within the scope of his employment. *Kerans v. Porter Paint Co.*, 61 Ohio St.3d at 490, 575 N.E.2d 428.

Next the *Kerans* Court articulates a second rationale based on scienter:

Where a plaintiff brings a claim against an employer predicated upon allegations of workplace sexual harassment by a company employee, and where there is evidence in the record suggesting that the employee has a past history of sexually harassing behavior about which the employer knew or should have known, summary judgment may not be granted in favor of the employer, even where the employee's actions in no way further or promote the employer's business.

*Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486, 575 N.E.2d 428 (1991) (syllabus at 2).

In our present case the Plaintiffs allege that Defendant Harold Hall was not only the Plaintiff Susan Crihfield's direct supervisor, but also that she was made to spend much of her working day alone with him as a condition of her employment. This corresponds with the first part of the *Kerans* analysis. The second element under *Kerans* is established by the Plaintiffs' allegations that Monsanto had actual knowledge of Defendant Hall's history of on-the-job sexual harassment, as well as, a conviction for criminal indecent exposure. Therefore, we find no merit in Defendant Monsanto's argument that Defendant Hall's actions, if they were as alleged by the Plaintiffs, were outside the scope of his employment. On the contrary, an employer's liability for actions of an employee such as those alleged in this case is well established under Ohio law. Therefore, the Defendant's motion to dismiss this cause of action must be denied.

## B. Negligent Infliction of Emotional Distress

■ For their Fifth Cause of Action the Plaintiffs allege negligent infliction of emotional distress. The Defendants admit that Ohio does recognize a cause of action based on negligent infliction of emotional distress, however, they argue recovery is limited. *See Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983) (syllabus at 3b). Further, the Defendants argue that Ohio courts have steadfastly refused to recognize a cause of action for negligent infliction of emotional distress in employment cases. Indeed the Franklin County Court of Appeals has been vocal on the subject. *Hanly v. Riverside Methodist Hosp.*, 78 Ohio App.3d 73, 83, 603 N.E.2d 1126 (Franklin Cty.1991) ("Ohio courts do not recognize a separate tort for negligent infliction of emotional distress in the employment context"), *citing Antalis v. Ohio Dept. of Commerce*, 68 Ohio App.3d 650, 589 N.E.2d 429 (Franklin Cty.1990). It should be noted that Hanly claimed breach of contract for wrongful dismissal, 78 Ohio App.3d at 78, 603 N.E.2d 1126, while Antalis claimed her emotional distress resulted from "significant criticism" from a superior. 68 Ohio App.3d at 651, 589 N.E.2d 429. In the past the federal courts of this district have followed these Ohio Appeals Court decisions. As Judge Holschuh explained in 1988:

This Court cannot expand current Ohio law. Therefore, without a clear expression of intent from the Ohio Supreme Court to broaden the current application of this tort to include actions arising out of an employment setting, this Court will not recognize a claim in the present case for negligent infliction of emotional distress.

*Penn v. Rockwell International Corp.*, No. C–2–86–992, C–2–87–98, 1988 WL 149613, at *10 (S.D.Ohio Oct. 18, 1988) (racially hostile working environment); *see also Flynn v. Fahlgren and Swink, Inc.*, 746 F.Supp. 729 (S.D.Ohio 1990) (Smith, J.) (unequal pay and perquisites because of gender); *Oldfather v. Ohio Dept. of Transp.*, 653 F.Supp. 1167,

1181 (S.D.Ohio 1986) (gender based employment discrimination).

The Plaintiffs identify recent decisions in the Ohio Supreme Court which support the recognition of negligent infliction of severe emotional distress in the particular employment context under consideration in the case at bar. The Plaintiffs point out that none of the cases cited by the Defendants deal with sexual harassment in the workplace. They argue convincingly that the special nature of sexual harassment distinguishes it from other forms of employment discrimination. The Plaintiffs contend that two recent Ohio Supreme Court cases provide the guidance which Judge Holschuh alluded to in *Penn v. Rockwell.*

The first is the *Kerans* case which we considered extensively in our discussion of intentional infliction of emotional distress above. *See Kerans,* 61 Ohio St. at 495, 575 N.E.2d 428. In *Kerans* the trial court had granted summary judgment on all claims, including a count for negligent or intentional infliction of emotional distress. In reversing the trial court, the Ohio Supreme Court reinstated this cause of action. In a discussion of the standard of intent for employers in sexual harassment cases, the court held that "there is no legitimate policy reason for subjecting a plaintiff who experiences sexual harassment in the workplace to the heightened intent standards enumerated in *Von Fossen.*" *Id. Von Fossen v. Babcock & Wilcox Co.,* 36 Ohio St.3d 100, 522 N.E.2d 489 (1988), is a case in which the Ohio court articulated the standard for holding an employer liable for intentional harm to an employee, beyond worker's compensation liability.

The second recent Supreme Court of Ohio case cited by the Plaintiffs is *Russ v. TRW, Inc.,* 59 Ohio St.3d 42, 570 N.E.2d 1076 (1991). In that case the court approved a jury's award of damages to an employee in compensation for his employer's intentional infliction of emotional distress. The court held that

> [T]his court has recognized the torts of intentional or reckless infliction of emotional distress ..., and negligent infliction of emotional distress.... Accordingly, it

matters not whether the acts of the defendant are characterized as intentional, reckless or negligent. Damages are recoverable under any of those theories.

*Id.* at 48, 570 N.E.2d 1076. This case indicates that the Ohio Supreme Court has no per se bar on recovery for negligent infliction of emotional distress in an employment context.

Although recovery for emotional distress resultant from physical injury has long been an element of tort law, recovery for negligent infliction of emotional distress absent some physical injury is barely a decade old in Ohio. *See Schultz v. Barberton Glass Company,* 4 Ohio St.3d 131, 447 N.E.2d 109 (1983) (first recognizing the cause of action and overruling *Miller v. Baltimore & Ohio S.W. R.R.,* 78 Ohio St. 309, 85 N.E. 499 (1908) and its progeny). The *Miller* court had argued that the existence of at least some physical harm was necessary to avoid fraud on the courts:

> If the right of recovery in this class of claims should be once established, it would naturally result in a flood of litigation in cases where the injury complained of may be easily feigned without detection, and where the damages must rest upon mere conjecture or speculation. The difficulty which often exists in cases of alleged physical injury, in determining whether they exist, and if so, whether they were caused by the negligent act of the defendant, would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims.

*Miller,* 78 Ohio St. at 321, 85 N.E. 499. In overruling *Miller* the Ohio Supreme Court relied upon the general sophistication of the medical profession and the ability of the courts to weed out dishonest claims. *Schultz,* 4 Ohio St.3d at 134, 447 N.E.2d 109. However, as noted above the Ohio courts have been reluctant to allow recovery for negligent infliction of emotional distress in cases of employment, preferring to apply the tort to plaintiffs who barely escaped an accident or who were bystanders of an accident. *See Paugh v. Hanks,* 6 Ohio St.3d 72, 451 N.E.2d 759 (1983) (syllabus at 3b); *Hanly v. Riverside Methodist Hosp.,* 78 Ohio App.3d 73, 83, 603 N.E.2d 1126 (Franklin Cty.1991);

*Antalis v. Ohio Dept. of Commerce*, 68 Ohio App.3d 650, 589 N.E.2d 429 (Franklin Cty. 1990); *Penn v. Rockwell International Corp.*, No. C–2–86–992, C–2–87–98, 1988 WL 149613, at *10 (S.D.Ohio Oct. 18, 1988); *Flynn v. Fahlgren and Swink, Inc.*, 746 F.Supp. 729 (S.D.Ohio 1990); *Oldfather v. Ohio Dept. of Transp.*, 653 F.Supp. 1167, 1181 (S.D.Ohio 1986). The Hamilton County Court of Appeals articulated the reluctance of Ohio courts to apply the tort of negligent infliction of emotional distress to a wrongful discharge case:

> [The Plaintiff] has failed to show even a single element of this tort. The underlying act, his discharge, was not a physical accident, and no serious emotional injury to him or his wife was noted.

*Tohline v. Central Trust Co.*, 48 Ohio App.3d 280, 284, 549 N.E.2d 1223 (Hamilton Cty. 1988).

The Ohio courts' reluctance to allow recovery for negligent infliction of emotional distress in wrongful discharge or employment discrimination cases is understandable. However, we find that cases of sexual harassment, especially the sort of quid pro quo harassment in an employment context which is alleged in this case, provide adequate protections against fraudulent and speculative claims. These harassment cases by their very nature meet the concerns of the Ohio courts when they adopted the negligent infliction of emotional distress tort a decade ago. First of all the behavior upon which the cause of action is based is susceptible to evidentiary scrutiny and testimonial proof. For example, if the Plaintiffs can prove their allegations of indecent exposure and unwanted fondling, these acts create the same probability of a legitimate injury as the proximity to an accident did in *Schultz. See* 4 Ohio St.3d 131, 447 N.E.2d 109. In addition, when a superior uses his or her power to impose sexually on the employee, the likelihood of emotional damage is great. When an employee is subjected repeatedly to the choice of submitting to his or her boss's unwanted advances, or facing the prospect of job loss or some lesser on-the-job retribution, the damage rises above the typical wrongful discharge or employment discrimination claim.

Because of the nature of the intimacy involved, the danger of emotional harm is multiplied. In proportion, the danger of fraudulent and speculative claims decreases. Therefore, we find in cases of on-the-job sexual harassment by a superior, a cause of action may lie for negligent infliction of emotional distress.

■ We must then turn to the Defendants' second argument for dismissal of this claim, that it is barred by the Ohio Workers' Compensation Statute. In exchange for payments into the insurance fund the Ohio Workers' Compensation Statute provides that employers

> shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment.

Ohio Rev.Code § 4123.74. This immunity from liability is provided even if the injury is not compensable under workers' compensation. *Id.* Ohio courts have developed an exception where intentional torts are involved. *See Von Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988). But as a general rule workers' compensation is the exclusive remedy for an employee injured as a result of negligence. *Ritchie v. Dravo Corp.*, 585 F.Supp. 1455, 1456 (S.D.Ohio 1984).

We can turn once again to *Kerans v. Porter Paint* for the response to the Defendants' argument. In that case the Ohio Supreme Court directs us to Ohio Revised Code § 4123.01(C). That section states that injury under the workers' compensation statute "does not include: (1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease; ...." Ohio Rev.Code § 4123.01(C). In light of this statutory language, the Ohio court was "not prepared to assume that psychological disturbances arising solely from emotional stress in the workplace fit within the definition of 'injury' in R.C. 4123.01." *Kerans*, 61 Ohio St. at 489, 575 N.E.2d 428.

The *Kerans* court went further with its analysis. The court questioned whether workers' compensation was an adequate rem-

edy for sexual harassment. *Id.* Since workers' compensation generally only compensates for economic losses due to workplace injuries, the employee who is the victim of sexual harassment, but suffers only psychological injuries will be left without a remedy. *Id.* Sexual harassment laws are concerned with a much more intangible injury to personal rights. *Id.* at 490, 575 N.E.2d 428. "Consequently," the Ohio court concludes "we reject [employer's] argument that the [employee's] claims are barred by R.C. 4123.-74." *Id.*

The Ohio Supreme Court has squarely rejected the Defendants' argument based on Ohio Revised Code 4123.74. In addition, we surmise from that court's recent decisions in *Kerans* and *Russ* that as a matter of public policy the question of negligent infliction of emotional distress for sexual harassment in the workplace is a question for the jury to decide. Therefore, Defendants' Motions to Dismiss this cause of action are denied.

### C. Assault and Battery

■ The Defendant Monsanto's argument against the Plaintiffs' Sixth Cause of Action is essentially a repetition of its agency argument raised against the Plaintiffs' intentional infliction of emotional distress count. For the same reasons which we recited above, the Defendants' motion must fail as to this count. Monsanto does offer three cases which hold that an employer is generally not liable for assault and battery inflicted by its employees. However, each of these can be distinguished from the instant case. In one the assaulting employee was a building manager and his assault was directed to a non-employee tenant of the employer. *See Finley v. Schuett*, 8 Ohio App.3d 38, 455 N.E.2d 1324 (1982). In another an employee assaulted a customer of the employer's tavern. *See Vrabel v. Acri*, 156 Ohio St. 467, 103 N.E.2d 564 (1952). In the last case, although the injured party was a fellow employee, both the employees were apparently of the same rank and the injury was simply a result of a brawl. *See Hester v. Church's Fried Chicken*, 27 Ohio App.3d 74, 499 N.E.2d 923 (1986). None of these cases disturb established Ohio law concerning sexual harassment by a supervisor. *See Kerans v. Porter Paint Co.*, 61

Ohio St.3d 486, 575 N.E.2d 428 (1991) (approving plaintiff's sexual assault and battery charge against supervisor). Therefore, Defendant Monsanto's motion to dismiss as to this count must be denied.

### D. Failure to Warn

■ Plaintiffs allege a separate cause of action based on the Defendant Monsanto's failure to warn Susan Crihfield of Defendant Hall's history of sexual misconduct despite Monsanto's alleged prior knowledge. The Defendant argues that there is no independent tort of failure to warn in this context. We agree. The Plaintiffs novel attempt to adopt a cause of action from the products liability field is inappropriate. If Monsanto knew that Susan Crihfield was in danger, warning would not be an appropriate response. The duty imposed by knowledge of Hall's history is an element in establishing Monsanto's respondeat superior liability, but it does not constitute a separate cause of action. Indeed, the Plaintiffs have failed to respond to the Defendant's motion to dismiss their Seventh Cause of Action. Therefore, that cause of action should be dismissed.

### E. Loss of Consortium

The Plaintiff, Harvey Crihfield, asserts a claim for loss of consortium, as a result of the Defendants' alleged misconduct against his wife. Defendant Monsanto correctly identifies Mr. Crihfield's claim as derivative. Since Monsanto contends that all of Susan Crihfield's claims against it are meritless, they conclude that Mr. Crihfield's derivative claim against the company must also fail. However, since some of Susan Crihfield's claims against Monsanto have survived this motion to dismiss, Harvey Crihfield's derivative claims must also survive. As mentioned above, we have allowed the Plaintiffs to amend their Complaint so that Mr. Crihfield's loss of consortium action is now premised on both the alleged negligence and intentional misconduct of the Defendants.

Finally, even if we had granted dismissal of all the counts named in the Defendants' Motions to Dismiss, the Plaintiffs' first three causes of action would still be viable, since these are not the subject of these Motions to

Dismiss. Plaintiff Harvey Crihfield's loss of consortium claim could be supported by these primary claims of Susan Crihfield. Therefore, Defendant Monsanto's Motion to Dismiss Plaintiffs' Eighth Cause of Action is denied.

## CONCLUSION

Accordingly, Plaintiffs' Motions for Leave to File Their Reply to Defendant Monsanto's Reply (doc. 17) and to Defendant Hall's Reply (doc. 16) are granted. The Plaintiff's Motion to Amend Complaint (doc. 15) is granted. Furthermore, the Defendants' Motions to Dismiss (doc. 4 and doc. 8) are denied in respect to Plaintiffs' Fourth Cause of Action for intentional infliction of emotional distress, Fifth Cause of Action for negligent infliction of emotional distress, Sixth Cause of Action for assault and battery, and Eighth Cause of Action for loss of consortium. However, Defendants' Motions to Dismiss (doc. 4 and doc. 8) are granted with respect to Plaintiffs' Seventh Cause of Action for failure to warn. Therefore, that count is hereby dismissed.

SO ORDERED.