OPINION
On December 17, 1998, plaintiff, Mary V. Tucker, and defendant, James Gilley, attended a Christmas luncheon with several co-workers at a local restaurant. While the group was waiting to be seated, defendant presented fellow employee Karen Michel with a gift. The gift was wrapped inside a shirt box, and Ms. Michel asked Ms. Tucker to help remove the tape used to secure the gift wrapping. Inside the shirt box, defendant had placed a second smaller box, surrounded by crumpled tissue paper. Ms. Michel opened the second box and found it to be empty. Ms. Tucker and Ms. Michel then looked through the tissue paper and found an empty C.D. case. At this moment, Ms. Tucker questioned whether the gift was a gag. When she did so, the defendant said "shush," and kicked her from behind with his right foot. According to Ms. Tucker, the impact of the kick broke her tailbone and herniated two discs in her lower back. She also claims to suffer from "hip problems" and states that she has undergone several surgical procedures to correct her injuries. After the incident, defendant was charged with criminal assault and pled no contest to the offense of disorderly conduct.
On April 1, 1999, Ms. Tucker filed a complaint seeking damages for assault, battery, and negligence. She amended that complaint on January 5, 2000, adding her children and husband as plaintiffs, as well as additional claims for intentional and negligent infliction of emotional distress, loss of consortium, and loss of services. She then voluntarily dismissed her complaint on November 8, 2000, and refiled on January 2, 2001.
On or about February 7, 2001, defendant served the plaintiffs with interrogatories, requests for production, as well as several requests for admissions. Plaintiffs responded to this discovery on April 19, and April 25, 2001. Although defendant did not file a motion to compel or seek other court intervention concerning his interrogatories and requests for production, on April 2, 2001, defendant moved the court to deem his requests for admissions admitted, arguing that the plaintiffs' failure to respond to the requests within twenty-eight days had resulted in the matters contained therein being deemed admitted pursuant to Civ.R. 36(A). Defendant's motion was accompanied by a certificate of service, which attested that the motion had been served upon plaintiffs' counsel by ordinary mail on April 2, 2001. The trial court granted the motion the very next day.
On April 9, 2001, defendant presented the trial court with a motion for summary judgment, in which he argued that the plaintiffs' admissions entitled him to judgment as a matter of law. Plaintiffs responded to defendant's summary judgment motion on April 25, 2001, asking the court for permission to withdraw the admissions pursuant to Civ.R. 36(B). At that same time, plaintiffs filed their own motion for partial summary judgment.
Pursuant to Loc.R. 21.01 and 57 of the Franklin County Court of Common Pleas, all three motions were fully briefed and came before the court for decision in June 2001. On June 25, 2001, the court released an opinion in which it denied without explanation plaintiffs' request to withdraw the deemed admissions, and in which it granted the defendant's motion for summary judgment based upon those admissions. Plaintiffs now appeal, raising the following three assignments of error:
 I. The trial court erred when it denied plaintiffs' motion to vacate and set aside its prior entry dated April 4, 2001.
 II. The trial court erred when it granted summary judgment to defendant.
 III. The trial court erred when it denied partial summary judgment as to liability to plaintiffs.
Plaintiffs' three assignments of error focus on the trial court's failure to allow plaintiffs an opportunity to respond to defendant's motion, the court's decision to grant defendant summary judgment based solely upon the matters contained in defendant's requests for admissions, and the court's unexplained refusal to grant plaintiffs leave to respond to defendant's requests.
In this instance, the trial court clearly erred when it failed to allow the plaintiffs an opportunity to respond to defendant's April 2, 2001 motion. Loc.R. 21.01 of the Franklin County Court of Common Pleas provides that:
 All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. The opposing counsel or a party shall serve any answer brief on or before the 14th day after the date of service as set forth on the certificate of service attached to the served copy of the motion. The moving party shall serve any reply brief on or before the 7th day after the date of service as set forth on the certificate of service attached to the served copy of the answer brief. On the 28th day after the motion is filed, the motion shall be deemed submitted to the Trial Judge. * * * Except as otherwise provided, this Rule shall apply to all motions.
Under the trial court's own rules, plaintiffs had fourteen days in which to respond to the defendant's motion to have his requests for admissions deemed admitted. Moreover, pursuant to Civ.R. 6(E), plaintiffs were entitled to an additional three days to respond, as defendant served his motion by ordinary mail. As stated above, defendant's motion was mailed to plaintiffs' counsel on April 2, 2001. However, without any notice or explanation, the trial court ruled against the plaintiffs the very next day. We hold this to be an abuse of discretion.
Now proceeding to the merits of plaintiffs' motion to vacate the trial court's April 3, 2001 entry, in this case we can find no reason why the plaintiffs should be denied the opportunity to withdraw or amend their admissions. While plaintiffs' late response resulted in admissions pursuant to Civ.R. 36(A), Civ.R. 36(B) provides that the plaintiffs should be allowed to withdraw or amend these admissions if doing so will aid in presenting the merits of the case, and if the defendant is unable to demonstrate that withdrawal or amendment will prejudice him in maintaining his defense on the merits. Balson v. Dodds (1980),62 Ohio St.2d 287. As noted by the Ohio Supreme Court, "[t]his provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67. See, also, Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175, in which the Ohio Supreme Court explained that the spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies, and Civ.R. 15(A) provides that leave of court "shall be freely given when justice so requires."
It is uncontested that the presentation of the merits of this action will be enhanced by permitting plaintiffs to rely upon their answers to defendant's request for admissions. Moreover, defendant has not demonstrated that he will suffer any prejudice in defending against plaintiffs' claims, or that he relied to his detriment on plaintiffs' late response while preparing for trial. There is no indication that plaintiffs failed to cooperate in the discovery process or failed to respond to defendant's interrogatories, requests for production of documents, or requests for admissions. Indeed, the record contains no motion to compel, nor any discovery-related sanctions by the court. Compare Cleveland Trust Co., supra. Accordingly, plaintiffs' first assignment of error is sustained.
In their second assignment of error, plaintiffs ask that we determine whether the trial court correctly entered summary judgment in favor of defendant. In doing so, we apply the same standard applied by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102. That standard is contained in Civ.R. 56(C), which provides, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
The Ohio Supreme Court has held that in order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. In order to carry this burden:
 * * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Id. at 292-293.]
Although the court must view the facts in a light most favorable to the nonmoving party, Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings, but must come forward with specific facts showing the existence of a genuine issue for trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111, following Celotex v. Catrett (1986), 477 U.S. 317; and Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45.
In this case, the trial court relied exclusively upon the deemed admissions in granting defendant summary judgment, when in fact it should have allowed plaintiffs to proceed with their actual admissions. A review of the record reveals the court also improperly ignored the evidentiary material submitted by the plaintiffs in opposition to defendant's motion. For these reasons, the trial court's entry of summary judgment in defendant's favor must be reversed, albeit subject to the following observation. In remanding the matter to the trial court for a rehearing on defendant's motion, we observe that plaintiffs will not be able to maintain their claims seeking recovery for defendant's alleged negligence. R.C. 2305.19, otherwise known as the savings statute, provides:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *
Parties seeking to refile claims under R.C. 2305.19 must meet two requirements. First, they must have either commenced or attempted to commence their action before the expiration of the applicable statute of limitations, and second, the action must have failed otherwise than on its merits after the statute of limitations has run. Branscom v. Birtcher (1988), 55 Ohio App.3d 242; Stahl v. Mack (Apr. 10, 1997), Franklin App. No. 96APE08-1067, unreported. If both of these requirements have been met, the party may re-file his or her claims within one year.
Ms. Tucker originally filed her complaint seeking damages for assault, battery, and negligence on April 1, 1999. She then amended that complaint on January 5, 2000, adding her children and husband as plaintiffs, as well as additional claims for intentional and negligent infliction of emotional distress, loss of consortium, and loss of services. Finally, plaintiffs voluntarily dismissed their complaint on November 8, 2000, and refiled on January 2, 2001.
While the November 8, 2000 voluntary dismissal of their complaint was "otherwise than on the merits," it occurred before the two-year statute of limitations on plaintiffs' claims for negligence had expired. As set forth by the Ohio Supreme Court, "[t]he savings statute can only be utilized to refile a case that was dismissed other than on the merits when the statute of limitations has expired." Thomas v. Freeman (1997),79 Ohio St.3d 221, 224. For the reasons set forth above, plaintiffs' second assignment of error is sustained, and this matter is remanded to the trial court for a rehearing on defendant's motion for summary judgment in accordance with the applicable law.
In their third assignment of error, plaintiffs contend the trial court erred when it denied partial summary judgment in their favor on the issue of defendant's liability. However, in overruling the plaintiffs' motion for partial summary judgment, the trial court did not determine the matter, nor enter judgment in favor of plaintiffs or against defendant. There is therefore no final appealable order. "The denial of a motion for summary judgment does not determine the action and prevent a judgment, and thus generally does not constitute a final order." Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90, citing Nayman v. Kilbane (1982), 1 Ohio St.3d 269, 271; Balson v. Dodds (1980),62 Ohio St.2d 287, paragraph one of the syllabus; and State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. Plaintiffs' third assignment of error is therefore overruled.
For the foregoing reasons, plaintiffs' first and second assignments of error are sustained, and their third assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
PAINTER, J., concurs.
BRYANT, J., concurs separately.
PAINTER, J., of the First Appellate District, sitting by assignment in the Tenth Appellate District.