ANTALIS, Appellant,

v.

OHIO DEPARTMENT OF COMMERCE, DIVISION OF CONSUMER FINANCE, Appellee.

[Cite as *Antalis v. Ohio Dept. of Commerce, Div. of Consumer Finance* (1990), 68 Ohio App.3d 650.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–548.

Decided July 17, 1990.

*Clara J. Hudak,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *M. Celeste Cook,* for appellee.

---

BOWMAN, Judge.

Appellant, Leonida Antalis, became employed with the state of Ohio in 1962, and in 1969 was assigned to the Ohio Department of Commerce, Division of Securities.

Appellant began seeing Dr. Ecker at Health One in 1982 for various health problems including fatigue, low stress tolerance and difficulty in concentrating. Dr. Ecker referred her to Dr. Burstein, the staff psychiatrist at Health One, in 1985 who diagnosed her as suffering from depression in March 1986. Dr. Burstein's affidavit states that it is his opinion that appellant's depression was a direct result of stress related to her former place of employment.

Appellant states that in various meetings extending from June to December 1985, she received "significant criticism" from Robert Salsala. Appellant alleges other employees witnessed the statements made by Salsala. Appellant left her employment with the state in January 1986 and received disability benefits for approximately two years due to job-related stress.

On March 3, 1988, appellant filed a complaint in the Court of Claims against the Department of Commerce, Division of Consumer Finance, claiming she suffered damages as a result of its negligent infliction of emotional distress.

On April 11, 1989, Judge Leach issued an entry of dismissal granting appellee's renewed motion for summary judgment filed March 6, 1989. The court found that " * * * from the facts presented, a cause of action has not been set forth as this court does not recognize a claim for negligent infliction of emotional distress arising in an employment setting. * * * "

Appellant appeals, asserting a single assignment of error:

"The Court of Claims erred in dismissing this action by finding that a cause of action for the negligent infliction of emotional distress arising in an employment situation is not a justiciable issue."

The Ohio Supreme Court has established that a complaint can be stated for the negligent infliction of emotional distress without a contemporaneous physical injury. *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109. The court, in *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, at syllabus, outlined the grounds necessary to establish a claim of negligent infliction of emotional distress:

"1. A cause of action may be stated for the negligent infliction of serious emotional distress. (*Schultz v. Barberton Glass Co.*, 4 Ohio St.3d 131 [4 OBR 376, 447 N.E.2d 109], followed.)

"2. A cause of action may be stated for the negligent infliction of serious emotional distress without the manifestation of a resulting physical injury. Proof of a resulting physical injury is admissible as evidence of the degree of emotional distress suffered.

"3. Where a bystander to an accident states a cause of action for negligent infliction of serious emotional distress, the emotional injuries sustained must be found to be both serious and reasonably foreseeable, in order to allow a recovery.

"3a. Serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.

"3b. The factors to be considered in order to determine whether a negligently inflicted emotional injury was reasonably foreseeable include: (1) whether the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away; (2) whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) whether the plaintiff and victim (if any) were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

"4. A cause of action for the negligent infliction of serious emotional distress may be stated where the plaintiff-bystander reasonably appreciated the peril which took place, whether or not the victim suffered actual physical harm, and, that as a result of this cognizance or fear of peril, the plaintiff suffered serious emotional distress."

It is not disputed that, to date, recoveries in actions for negligent infliction of emotional distress have only been permitted in a very limited set of circumstances, namely situations involving automobile accidents. *Schultz, supra* (large piece of glass crashed into windshield of plaintiff's vehicle), and *Paugh, supra* (three separate automobile accidents occurring on plaintiff's property).

In *Brown Deer Restaurant, Inc., v. New Market Corp.* (Mar. 28, 1985), Cuyahoga App. No. 48910, unreported, 1985 WL 9802, the court, in reviewing these recent Supreme Court decisions in the context of a breach of contract action, stated, at 12:

"The opinions in these cases make clear that they allow recovery only when the victim or someone closely related to the victim faced physical peril. They have no application here to a non-violent failure to perform a sales contract."

Although the Ohio Supreme Court has allowed recovery for the tort of negligent infliction of emotional distress even though a plaintiff was not closely related to the victim, the court strictly limited such recoveries to " * * * those plaintiffs directly involved and contemporaneously injured in the same motor vehicle and accident with the deceased or other injured person." *Binns v. Fredendall* (1987), 32 Ohio St.3d 244, 247, 513 N.E.2d 278, 281. The court also found, at 247, 513 N.E.2d at 281, that *Paugh, supra,* " * * * is not intended to limit recoveries by traditional tort victims seeking to recover for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury * * *." Thus, it is clear that the court's finding was based on the fact that the plaintiff was also physically injured in a car accident.

The Ohio Supreme Court has recognized that an independent tort claim of intentional infliction of emotional distress, absent any physical injury, may be recognized in an employment setting. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666. However, Ohio courts have not recognized a separate tort for negligent infliction of emotional distress in employment situations.

Appellant apparently relies on the Franklin County Court of Appeals case of *Kerr v. Procter & Gamble Co.* (Feb. 14, 1989), No. 88AP–629, unreported, 1989 WL 11961, in arguing that this court has recognized that a cause of action may be stated for the negligent infliction of emotional distress in an employment situation. However, in *Kerr, supra,* the court remanded the claim for negligent infliction of emotional distress because the issue of whether Kerr's alleged injury occurred in the course of her employment had not been litigated previously and, therefore, collateral estoppel did not apply to determine that issue for purposes of a motion for summary judgment. On

remand, the trial court granted Procter & Gamble's motion for summary judgment, holding that this jurisdiction has never recognized a cause of action for negligent infliction of emotional distress in an employment setting. The Kerrs appealed once again and, on May 15, 1990, this court rendered an opinion affirming the judgment of the Franklin County Court of Common Pleas. *Kerr v. Procter & Gamble Co.* (May 15, 1990), No. 89AP–914, unreported, 1990 WL 63030. The court relied on *Schultz* and *Paugh, supra,* and the facts presented in the case to hold:

"Inasmuch as 'serious emotional distress' is one of the elements of negligent infliction of emotional distress, the trial court correctly concluded that the appellants could not maintain their cause of action for the reason that they did not meet the requirements of such a cause of action as outlined in the syllabus of *Paugh, supra.*"

Appellant also relies on *Kinney v. Ohio Dept. of Admin. Services* (Aug. 30, 1988), Franklin App. No. 88AP–27, unreported, 1988 WL 92433. However, this court specifically declined to recognize a separate tort of negligent infliction of emotional distress in an employment situation, stating:

" * * * If the infliction of serious emotional distress is to be recognized herein, there must be proof of the independent tort of *intentional* infliction of serious emotional distress." (Emphasis added.)

While appellant argues that public policy requires the court to recognize a claim for negligent infliction of emotional distress in the workplace as part of an employer's duty to provide a safe working environment, absent a clear expression of intent from the Ohio Supreme Court, we decline to expand the application of this tort to include actions arising out of an employment situation. Since there are no genuine issues as to any material fact and appellee was entitled to judgment as a matter of law, the trial court properly granted appellee's motion for summary judgment pursuant to Civ.R. 56(C).

Accordingly, appellant's single assignment of error is overruled and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

REILLY, P.J., and AMMER, J., concur.

WILLIAM AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment.