HATLESTAD, Appellant,

v.

CONSOLIDATED RAIL CORPORATION, Appellee.

[Cite as *Hatlestad v. Consol. Rail Corp.* (1991), 75 Ohio App.3d 184.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–343.

Decided Aug. 29, 1991.

*Matan & Smith* and *Grant A. Wolfe,* for appellant.

*Bricker & Eckler, Charles H. Walker* and *Joyce B. Link,* for appellee.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Jose Hatlestad, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint for lack of subject-matter jurisdiction. Appellant's single assignment of error states:

"The Trial Court erred in granting Defendant–Appellee's Motion to Dismiss for lack of subject matter jurisdiction; erroneously concluding that the Railway Labor Act, 45 U.S.C. § 151 et seq., preempted Plaintiff–Appellant's state law claims."

In his complaint plaintiff alleges that in June 1989, his employer, defendant-appellee, Consolidated Rail Corporation ("Conrail"), recalled plaintiff from a furlough to assume the position of assigned laborer in defendant's Buckeye Yard Diesel Facility; that defendant conducted a medical examination of plaintiff in June 1989 which determined that plaintiff was physically qualified for said position despite a handicap requiring plaintiff to wear a prosthesis below his left knee; that plaintiff thereafter satisfactorily completed two field performance tests conducted to determine whether plaintiff properly and

safely could perform the tasks associated with this position under actual job conditions; and that plaintiff complied with defendant's January 1990 and subsequent requests for additional medical information. Plaintiff further alleges that defendant nevertheless failed to approve or reject him for the assigned laborer position, or to submit the question of plaintiff's fitness for the position to a board of doctors for determination under the collective bargaining agreement, and that defendant's failure to act was motivated by plaintiff's handicap.

Plaintiff brought claims against defendant in common pleas court, alleging (1) unlawful discriminatory practices in violation of R.C. 4112.02(A) and 4112.99, (2) negligent or intentional infliction of emotional distress, and (3) invasion of privacy. The trial court dismissed all of plaintiff's claims for lack of subject-matter jurisdiction, concluding that the Railway Labor Act ("RLA"), Section 151 *et seq.*, Title 45, U.S.Code, preempted plaintiff's claims.

Under his single assignment of error, plaintiff contends that the trial court erred in concluding that the RLA preempts his discrimination and tort claims, as his claims are independent of the collective bargaining agreement and therefore outside of the scope of the RLA. Defendant responds that the trial court correctly determined that the RLA preempts plaintiff's claims, as those claims are based on facts which are inextricably intertwined with the collective bargaining agreement.

Preliminarily, we note that preemption under the RLA presents a choice-of-forum rather than a choice-of-law question; preemption of a state-law claim by the RLA extinguishes state court jurisdiction over that claim. *Miller v. Norfolk & W. Ry. Co.* (C.A.6, 1987), 834 F.2d 556, 560–561. Accordingly, if the RLA preempts plaintiff's claims, then the trial court properly dismissed plaintiff's complaint for lack of subject-matter jurisdiction on plaintiff's failure to allege any cause of action cognizable in the state court. *Steffen v. Gen. Tel. Co.* (1978), 60 Ohio App.2d 144, 145, 14 O.O.3d 111, 112, 395 N.E.2d 1346, 1348; *Avco Financial Serv. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378. Moreover, in assessing the propriety of the trial court's action, we accept as true the allegations of plaintiff's complaint. See *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 214, 2 O.O.3d 393, 395, 358 N.E.2d 526, 528.

The RLA defines disputes between an employee and a rail carrier that arise "out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions" as minor disputes. Section 153 First (i), Title 45, U.S.Code. The RLA confers exclusive jurisdiction over such minor disputes upon the National Railroad Adjustment Board or a private arbitration panel. *Stephens v. Norfolk & W. Ry. Co.* (C.A.6,

1986), 792 F.2d 576, 580, amended (C.A.6, 1986), 811 F.2d 286; *Kaschak v. Consol. Rail Corp.* (C.A.6, 1983), 707 F.2d 902, 905. The RLA's exclusive jurisdiction over minor disputes preempts state-law claims which are "inextricably intertwined" with the collective bargaining agreement and the RLA. *Stephens, supra,* at 580; see, also, *Miller, supra,* 834 F.2d at 565. In particular, the Sixth Circuit has found state-law claims to be "inextricably intertwined" with the collective bargaining agreement when resolution of such claims (1) requires application or interpretation of the collective bargaining agreement, *id.; Beard v. Carrollton RR.* (C.A.6, 1989), 893 F.2d 117, 123 (denying petition for rehearing), or (2) implicates the same facts as resolution of a dispute under the collective bargaining agreement. *McCall v. Chesapeake & Ohio Ry. Co.* (C.A.6, 1988), 844 F.2d 294, 301, certiorari denied (1988), 488 U.S. 879, 109 S.Ct. 196, 102 L.Ed.2d 166.

Plaintiff responds that the preemption standard adopted by the United States Supreme Court in *Lingle v. Norge Div. of Magic Chef, Inc.* (1988), 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410, rather than the Sixth Circuit's "inextricably intertwined" standard, is the proper standard to be applied herein; and that, applying the *Lingle* standard, his claims are independent of the collective bargaining agreement. In *Lingle,* the Supreme Court held that for purposes of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), Section 185(a), Title 29, U.S.Code, a state-law retaliatory discharge claim is independent of the collective bargaining agreement when the state-law claim presents purely factual questions that can be resolved without interpretation of the collective bargaining agreement. *Id.* at 407, 108 S.Ct. at 1882, 100 L.Ed.2d at 419–420. The *Lingle* court expressly rejected the argument that the LMRA may preempt a state-law claim solely on the basis that resolution of such a claim would require determination of the same factual matters as resolution of a dispute under the collective bargaining agreement.[1] *Id.* at 408–410, 108 S.Ct. at 1882–1883, 100 L.Ed.2d at 421–422. However, we need not decide whether the *Lingle* standard applies to the RLA, and therefore supersedes the Sixth Circuit's "inextricably intertwined" standard, because application of either standard to the claims herein yields the same results.

■ We first consider plaintiff's claim for unlawful handicap discrimination under R.C. 4112.02, which requires plaintiff to show that (1) plaintiff was handicapped; (2) that defendant took the challenged action, at least in part,

---

**1.** To the extent that the *Lingle* preemption analysis applies to the RLA, *Lingle* arguably is inconsistent with the Sixth Circuit's formulation of the "inextricably intertwined" standard in *McCall, supra;* however, it is not inconsistent with the Sixth Circuit's alternative formulation of this standard in *Beard, supra.*

because of plaintiff's handicap; and (3) that plaintiff can perform safely and substantially the essential job functions despite his handicap. *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 281, 25 OBR 331, 333, 496 N.E.2d 478, 480–481; *Asplundh Tree Expert Co. v. Ohio Civ. Rights Comm.* (1991), 68 Ohio App.3d 550, 589 N.E.2d 102. Cf. *McCall, supra,* 844 F.2d at 302; *Smolarek v. Chrysler Corp.* (C.A.6, 1989), 879 F.2d 1326, 1332–1334, certiorari denied (1989), 493 U.S. 992, 110 S.Ct. 539, 107 L.Ed.2d 537.

Unlike the retaliatory discharge claim in *Lingle, supra,* the discrimination claim herein cannot be resolved by a purely factual inquiry into plaintiff's conduct and defendant's conduct and motive: the determination of the third prong of his discrimination claim under R.C. 4112.02(A), plaintiff's ability to perform his essential job functions, requires reference to the collective bargaining agreement to ascertain the relevant performance standards and working conditions. Because the third prong of his discrimination claim necessarily implicates the collective bargaining agreement, such a claim is not independent of the collective bargaining agreement under either the *Lingle* standard or the "inextricably intertwined" standard. Accordingly, the trial court did not err in determining that the RLA preempted plaintiff's discrimination claim and dismissing that claim for lack of subject-matter jurisdiction.

██ · Plaintiff's complaint also alleges that defendant is liable for invasion of privacy. Of the causes of action for invasion of privacy recognized in Ohio, see *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340, paragraph two of the syllabus, plaintiff's claim for such an invasion appears to be predicated upon an intrusion into plaintiff's private activities, requiring plaintiff to show that defendant wrongfully intruded into plaintiff's private activities in a manner as to outrage or cause mental suffering. *Id.; Strutner v. Dispatch Printing Co.* (1982), 2 Ohio App.3d 377, 378, 2 OBR 435, 436–437, 442 N.E.2d 129, 131–132. Since plaintiff's complaint alleges no invasion of privacy outside the context of the employee-employer relationship, the wrongfulness of defendant's intrusion into plaintiff's private activities must be determined within this context. See *Tohline v. Central Trust Co., N.A.* (1988), 48 Ohio App.3d 280, 285, 549 N.E.2d 1223, 1229–1230 (employer's inquiry into employee's activities which casts doubt upon employee's trustworthiness not a wrongful intrusion).

Within those parameters, plaintiff's claim for invasion of privacy cannot be resolved by a purely factual inquiry into defendant's conduct and the effect of that conduct upon plaintiff. Rather, the wrongfulness of defendant's intrusion depends, in part, upon the collective bargaining agreement, which defines the circumstances under which plaintiff has consented to defendant's inquiry into plaintiff's private activities. Because plaintiff's claim for invasion of

privacy necessarily implicates the collective bargaining agreement, such a claim is not independent of the collective bargaining agreement, whether we apply the *Lingle* standard or the "inextricably intertwined" standard. Consequently, the trial court did not err in determining that the RLA preempted plaintiff's claim for invasion of privacy and dismissing that claim for lack of subject-matter jurisdiction.

Plaintiff's claim for intentional infliction of emotional distress requires plaintiff to show that (1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious. *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34, 11 OBR 63, 66–67, 463 N.E.2d 98, 103–104. However, defendant is not liable for plaintiff's emotional distress if defendant does no more than "insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress * * *." *Uebelacker v. Cincom Sys., Inc.* (1988), 48 Ohio App.3d 268, 277, 549 N.E.2d 1210, 1220; *Foster v. McDevitt* (1986), 31 Ohio App.3d 237, 239, 31 OBR 520, 522–523, 511 N.E.2d 403, 406–407 (both quoting 1 Restatement of the Law 2d, Torts [1965] 76, Section 46, Comment *g*).

Plaintiff's complaint does not allege any infliction of emotional distress outside the context of the employee-employer relationship. Within the context of the employment relationship, plaintiff's claim for intentional infliction of emotional distress cannot be resolved by a purely factual inquiry into defendant's conduct and motive, and the effect of such conduct on plaintiff, as defendant's legal rights, which determine defendant's liability on such a claim, depend in part upon the collective bargaining agreement. See *Beard, supra,* 893 F.2d at 122.

Nonetheless, plaintiff argues that, under *Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25* (1977), 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338, his emotional distress claim is independent of the collective bargaining agreement to the extent that the claim "is a function of the particularly abusive manner in which the discrimination is accomplished." *Id.* at 305, 97 S.Ct. at 1066, 51 L.Ed.2d at 353. *Farmer*, a union member, sued his union for emotional distress resulting from both the union's discrimination and the manner in which the union accomplished that discrimination, by subjecting Farmer to verbal abuse and public ridicule. *Id.* at 292–293, 97 S.Ct. at 1059–1060, 51 L.Ed.2d at 345–346. The United States Supreme Court determined that the LMRA did not preempt Farmer's claim to the extent that the claim was predicated upon the manner of the union's discrimination,

because that claim could be adjudicated without resolution of Farmer's underlying discrimination on dispute with the union. *Id.* at 304, 97 S.Ct. at 1065, 51 L.Ed.2d at 352–353.

While plaintiff herein arguably has asserted a claim for intentional infliction of emotional distress based upon the manner of defendant's discrimination, the sole basis asserted for such a claim is defendant's delay in determining whether plaintiff can perform safely and substantially the essential functions of the assigned laborer position. Unlike *Farmer, supra,* at 304, 97 S.Ct. at 1065, 51 L.Ed.2d at 352–353, plaintiff's claim herein cannot be adjudicated without resolution of the merits of the underlying employment dispute: the time in which defendant is required to determine plaintiff's fitness for the assigned laborer position depends, in part, upon the terms of the collective bargaining agreement. *Beard, supra,* 893 F.2d at 122; see, also, *Minehart v. Louisville & Nashville RR. Co.* (C.A.6, 1984), 731 F.2d 342, 344–345.

In short, regardless of whether plaintiff's claim for intentional infliction of emotional distress is based upon defendant's discrimination or the manner in which defendant accomplished that discrimination, such claim necessarily implicates the collective bargaining agreement. As a result, the claim is not independent of the collective bargaining agreement under either the *Lingle* standard or the "inextricably intertwined" standard. Accordingly, the trial court did not err in determining that the RLA preempted plaintiff's claim for intentional infliction of emotional distress and dismissing that claim for lack of subject-matter jurisdiction.

■ Finally, as to plaintiff's claim for negligent infliction of emotional distress, Ohio courts do not recognize a separate tort for negligent infliction of emotional distress in the employment context. *Antalis v. Ohio Dept. of Commerce* (1990), 68 Ohio App.3d 650, 589 N.E.2d 429. See, also, *Tohline, supra,* 48 Ohio App.3d at 284, 549 N.E.2d at 1228. Consequently, plaintiff may recover for emotional harm negligently inflicted by defendant only by bringing a "traditional" claim for negligent infliction of emotional distress, which requires plaintiff to show that he (1) was a bystander to an accident, (2) reasonably appreciated the peril thereof, and (3) suffered serious and foreseeable emotional distress as a result of his cognizance or fear of the peril. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, paragraphs three and four of the syllabus.

■ Arguably, a claim for negligent infliction of emotional distress could be resolved by a purely factual inquiry without reference to the collective bargaining agreement, and therefore the RLA would not preempt such a claim. However, to the extent that the trial court erred in dismissing plaintiff's claim for negligent infliction of emotional distress, such error was

not prejudicial. Having failed to allege that his emotional distress resulted from his appreciation of an accident's peril, plaintiff failed to state a claim for relief for negligent infliction of emotional distress. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. Thus, even if the trial court had subject-matter jurisdiction over the foregoing claim, the claim properly would have been dismissed pursuant to Civ.R. 12(B)(6).

Given the foregoing, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

BOWMAN, P.J., and REILLY, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.