Marie Vikki **SOREO–YASHER,**
et al., **Plaintiffs,**

v.

**FIRST OFFICE MANAGEMENT,**
et al., **Defendants.**

**No. 1:92cv2327.**

United States District Court,
N.D. Ohio.

May 24, 1996.

Ellen Simon Sacks, Spangenberg, Shibley, Lancione & Liber, Cleveland, OH, James A. Marx, Traci & Marx, Cleveland, OH, for plaintiffs.

Susan C. Hastings, Squire, Sanders & Dempsey, Cleveland, OH, Brenda H. Feis,

Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the motion of Defendants for summary judgment. Plaintiffs, Marie Vikki Soreo–Yasher ("Yasher") and Gregory Yasher, filed this action against Defendants, First Office Management ("FOM") and Donald Huffner ("Huffner"), alleging violations of Title VII of the Civil Rights Act of 1964, O.R.C. § 4112.99, breach of contract, promissory estoppel and other pendent state law claims.

For the reasons set forth below, the Court finds there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law on each count of Plaintiffs' Complaint.

### I. FACTS

FOM owns and manages apartment complexes. Yasher was employed by FOM from 1988 through 1991 as a property manager for a Lakewood, Ohio property. In July 1990, she informed FOM that she was pregnant and requested maternity leave.

A benefits administrator for FOM explained to Yasher that the company usually granted maternity leaves for a period of eight weeks. This administrator also told Yasher that her position might be temporarily assumed by another person during her leave. She did not tell Yasher that she would not be permanently replaced. The administrator stated that the decision would be up to her supervisor. During discussions with other FOM representatives, Yasher was again told that her position may be filled temporarily, but she was never told that she would not be permanently replaced.

Huffner was Yasher's supervisor. He forwarded her leave request to the Benefits Department, and it was approved.

During this time, FOM had a written company policy which stated:

[T]he Company will not hold a position open for an employee nor guarantee that a position will be available when an employee returns from a leave of absence.

Yasher alleges that she did not receive a copy of this policy until shortly before she was scheduled to begin her leave. However, when she requested the leave, she signed an agreement which stated that she would accept the leave under the terms and conditions of the policies of the company.

On the first day of her leave, Yasher's position was permanently filled by Patrick Callahan ("Callahan"). Callahan was allegedly a friend or acquaintance of Huffner. Huffner filled Yasher's position because he felt that the Lakewood property needed an onsite manager. Yasher was aware that Callahan was replacing her before she began her leave.

In March 1991, Yasher advised Huffner that she would be returning to work on March 18, 1991. Huffner responded by letter that her position had been permanently filled but that she could apply for another position with the company. Yasher never applied for another position.

### II. LAW

Fed.R.Civ.P. 56(c) governs summary judgment and provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, is any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact, and, for these purposes, the evidence submitted must be viewed in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

"The burden on the moving party may be discharged if the moving party demonstrates that the nonmoving party has failed to establish an essential element of his

or her case for which he or she bears the ultimate burden of proof at trial." *Morales v. American Honda Motor Co., Inc.*, 71 F.3d 531, 535 (6th Cir.1995). If the moving party meets this burden, then the nonmoving party must present additional evidence beyond the pleadings. *Id.* The nonmoving party must present more than a scintilla of evidence in support of his or her position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless there is sufficient evidence favoring the nonmoving party for a judge or jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–11.

## A. Pregnancy Discrimination

Yasher asserts claims for pregnancy discrimination under both Title VII of the Civil Rights Act of 1964 and O.R.C. § 4112. Since the Supreme Court of Ohio has followed federal case law when analyzing a claim under O.R.C. § 4112, the Court will analyze both discrimination claims under federal law. *Barker v. Scovill*, 6 Ohio St.3d 146, 147, 6 OBR 202, 202–203, 451 N.E.2d 807, 809 (1983).

The Pregnancy Discrimination Act of 1978 was a definitional amendment to Title VII and provides that:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, child birth, or related medical conditions shall be treated the same for all employment-oriented purposes, including receipt of benefits ... as other persons not so affected but similar in their ability to work....

42 U.S.C. § 2000e(k).

■ The Supreme Court has stated, "If a company's business necessitates the adoption of particular leave policies, Title VII does not prohibit the company from applying these policies to all leaves of absence, including pregnancy leaves...." *Nashville Gas Company v. Satty*, 434 U.S. 136, 143, 98 S.Ct. 347, 352, 54 L.Ed.2d 356 (1977). "The Pregnancy Discrimination Act requires the employer to ignore an employee's pregnancy, but ... not

her absence from work, unless the employer overlooks the comparable absences of nonpregnant employees." *Troupe v. May Department Stores Company*, 20 F.3d 734, 738 (7th Cir.1994).

■ Yasher alleges that FOM and Huffner discriminated against her based upon her pregnancy. However, there is no evidence that Yasher was replaced because of her pregnancy. Due to the nature and duties of a property manager for an apartment complex, FOM believed that it needed an onsite manager. There is no evidence in the record that Yasher was treated any differently than nonpregnant employees who were on leave for a similar period of time. There is simply no causal connection between Yasher's pregnancy and FOM's decision to replace her. Therefore, the Court finds that Yasher was not discriminated against on the basis of her pregnancy.

## B. Disability Discrimination

■ Yasher also asserts a claim that FOM and Huffner discriminated against her under Title VII on the basis of her disability which she alleges was her pregnancy. Even assuming arguendo that pregnancy might be considered a disability, this type of discrimination is not a valid claim under Title VII. *See* 42 U.S.C. § 2000e *et seq.*

## C. Promissory Estoppel/Breach of Employment Contract/Wrongful Discharge

There was not a written employment contract between FOM and Yasher. Accordingly, the Court shall analyze Yasher's claims for promissory estoppel and breach of contract under the principles related to oral contracts.

■ Ohio adheres to the doctrine of employment-at-will which means that an employer may discharge an employee without just cause. *Mers v. Dispatch Printing Company, et al.*, 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150 (1985). The doctrine of promissory estoppel is applicable to oral employment-at-will agreements. A promise which the employer should reasonably expect

**650**

to induce action or forbearance and on the part of the employee does induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise. *Id.* at 105, 19 OBR at 265–266, 483 N.E.2d at 155. "The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Id.* Parties to an oral employment-at-will agreement are not required to act in good faith. *Id.*

Upon a review of the record, the Court finds that there is insufficient evidence to support a claim based upon promissory estoppel. FOM never promised Yasher continued employment. When Yasher asked the benefits administrator what would happen to her position during her leave, she was told that the decision would be up to her supervisor, Huffner. When Yasher spoke with Huffner, he told her that she was being permanently replaced. Hence, there was no promise which altered Yasher's employment-at-will status.

### D. Violation of Ohio Public Policy

Yasher alleges that her termination violated Ohio's public policy against discrimination. However, this cause of action is only available when the discharge is in violation of a statute and that statute does not contain a private remedy. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990); *Pozzobon v. Parts For Plastics, Inc.*, 770 F.Supp. 376 (N.D.Ohio 1991).

The Court has found that Yasher's discharge did not violate O.R.C. § 4112.99 and that statute provides for a private action by an aggrieved party. Therefore, Yasher cannot maintain a claim for violation of Ohio public policy.

### E. Infliction of Emotional Distress

Yasher has alleged claims for negligent and intentional infliction of emotional distress. Ohio does not recognize a cause of action for negligent infliction of emotional distress in employment cases. *Antalis v.*

*Department of Commerce*, 68 Ohio App.3d 650, 589 N.E.2d 429 (Ohio Ct.App. 10th Cir. 1990).

Assuming arguendo that Ohio recognizes a claim for intentional infliction of emotional distress in the employment context, FOM and Huffner's conduct did not rise to the level of extreme and outrageous conduct which is required for such a claim. *See Yeager v. Local Union 20*, 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666 (1983).

### F. Loss of Consortium

Yasher's husband has asserted a claim for loss of consortium. This claim must be supported by the personal injury of one's spouse which was caused by the tortious conduct of a third party. *Greinader v. Diebold Incorporated*, 747 F.Supp. 417, 420 (S.D.Ohio 1990). Yasher's husband has failed to submit any evidence which would establish these requirements.

### III. CONCLUSION

The Court finds that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law on each of Plaintiffs' claims.

Accordingly, Defendants' Motion for Summary Judgment (Dkt. # 17) is **GRANTED. IT IS SO ORDERED.**