Joseph C. GRISWOLD, Plaintiff,

v.

FRESENIUS USA, INC.,
et al., Defendants.

No. 3:96 CV 7241.

United States District Court,
N.D. Ohio,
Western Division.

Feb. 20, 1997.

Thomas A. Sobecki, Jane S. Randall, Toledo, OH, for Plaintiff.

Thomas A. Dixon, Margaret A. Mattimoe, Eastman & Smith, Toledo, OH, Randall S. Feil, Oswald & Feil, Salt Lake City, UT, for Defendants.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Defendants' motions to dismiss Counts I, II and IV of Plaintiff's amended complaint insofar as they are brought against Defendants Tracy Kinder and Bill Griswold in their individual capacities, and to dismiss Counts IV, V, VI and VIII in their entirety. For the following reasons, Defendants' motions will be granted as to Counts I, II, V, VI, and VIII, insofar as Count VIII alleges an intentional failure to provide a safe work environment, and denied as to Counts IV and VIII, insofar as Count VIII alleges a negligent failure to provide a safe work environment.

### I. BACKGROUND

Plaintiff Joseph C. Griswold is a former employee of Defendant Fresenius USA, Inc. ("Fresenius"). Plaintiff and Defendant Tracy Kinder worked together under the supervision of Defendant Bill Griswold. Plaintiff alleges that Kinder sexually harassed him, and that Bill Griswold failed to act to remedy the harassment, although he had actual knowledge of the situation. Plaintiff alleges further that he was terminated in retaliation for his complaints of sexual harassment, and in retaliation for complaining that Fresenius had produced and shipped defective and dangerous products.

Plaintiff has brought an eight-count amended complaint on the above allegations. In Count I he alleges sex discrimination in violation of federal law. In Count II he alleges retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964. In Counts III and IV he alleges sex harassment under Ohio law. In Count V he alleges discharge in violation of Ohio public policy. In Count VI he alleges negligent infliction of emotional distress. In Count VII he alleges intentional or reckless infliction of emotional distress. And in Count VIII he alleges a negligent or intentional failure to provide a safe work environment.

Defendants have moved to dismiss many of these counts. Individual Defendants Kinder and Griswold have moved to dismiss Counts I, II and IV on the ground that there is no

individual liability under Title VII or Ohio employment discrimination law. All Defendants have moved to dismiss Counts IV through VII on the ground that those causes of action either are procedurally barred, do not exist under Ohio law, or are insufficiently pled. The Court addresses Defendants' arguments below.

## II. DISCUSSION

### A. Motions to Dismiss Generally

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Westlake, supra,* at 858. *See generally* 2A James W. Moore, Moore's Federal Practice, ¶ 12.07[2.–5] (2d ed.1994).

### B. Counts I & II: Individual Liability Under Title VII

■ Individual Defendants Kinder and Griswold have moved to dismiss Counts I and II of Plaintiff's amended complaint on the ground that Title VII does not impose liability on individual employees. For purposes of assigning liability, Title VII defines an "employer" as "a person engaged in an industry affecting commerce ... and any agent of such a person ..." 42 U.S.C. § 2000e(b). The parties disagree as to whether this definition permits a plaintiff to maintain an action for damages under Title VII against his employer's agent sued in his individual capacity.

The almost universal weight of recent authority has held that the purpose of the agent provision was solely to incorporate respondeat superior liability into the statute, and an agent cannot be sued for damages in his individual capacity. Every one of the nine Circuit Courts to address the issue since 1991 has so held. *See, e.g., Dici v. Pennsylvania,* 91 F.3d 542, 552 (3d Cir., 1996); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1312 (2d Cir.1995); *Greenlaw v. Garrett,* 59 F.3d 994, 1001 (9th Cir.1995), *cert. denied,* 117 S.Ct. 110, 136 L.Ed.2d 63 (1996); *Gary v. Long,* 59 F.3d 1391, 1400 (D.C.Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *EEOC v. AIC Security Investigations,* 55 F.3d 1276, 1281 (7th Cir.1995); *Lenhardt v. Basic Inst. of Tech.,* 55 F.3d 377, 381 (8th Cir.1995); *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir.1994); *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993); *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir.1993); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (per curiam). The Fourth Circuit has held that an agent of the corporate employer is directly liable for his actions that violate Title VII, *Paroline v. Unisys Corp.,* 879 F.2d 100, 106 (4th Cir.1989), *vacated in part on other grounds,* 900 F.2d 27 (4th Cir.1990) (en banc), but the continuing viability of that holding has been called into doubt by a recent Fourth Circuit ruling that there is no individual liability for damages in a suit under ADEA, *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510–11 (4th Cir.1994).

The Sixth Circuit has never ruled directly on the issue. In *Jones v. Continental Corp.,* 789 F.2d 1225, 1231 (6th Cir.1986), the Sixth Circuit assumed, without holding, that a plaintiff could bring suit against an individual under Title VII for the purpose of holding that the plaintiff's failure to specify whether her claims against the individual defendants were brought under Title VII or 42 U.S.C. § 1981 did not automatically render her entire suit unreasonable and vexatious. But District Courts within the Sixth Circuit generally, and in the Northern District of Ohio specifically, have never found *Jones* to be binding precedent on the issue of individual

liability under Title VII.[1] On the contrary, they have generally adopted the near-universal rule that there is no individual liability under Title VII for employees. *See, e.g., Czupih v. Card Pak,* 916 F.Supp. 687, 690–91 (N.D.Ohio 1996); *Redman v. Lima City Sch. Dist. Bd. of Educ.,* 889 F.Supp. 288, 292 (N.D.Ohio 1995); *Bremiller v. Cleveland Psychiatric Inst.,* 879 F.Supp. 782, 788 (N.D.Ohio 1995); *Wilson v. Wayne County,* 856 F.Supp. 1254, 1264–65 (M.D.Tenn.1994), *remanded,* 69 F.3d 538 (6th Cir.1995); *Lowry v. Clark,* 843 F.Supp. 228, 231 (E.D.Ky. 1994); *contra Kramer v. Windsor Park Nursing Home,* 943 F.Supp. 844, 850 (S.D.Ohio 1996); *Johnson v. University Surgical Group Assocs.,* 871 F.Supp. 979, 983 (S.D.Ohio 1994). This Court finds both the reasoning and weight of the above-cited authority persuasive. Defendants' motion to dismiss Counts I and II of Plaintiff's amended complaint against Defendants Kinder and Griswold is granted.

### C. Count IV: Sex Harassment and Ohio Rev.Code § 4112. 99

All Defendants have moved to dismiss Count IV of Plaintiff's amended complaint, which states a claim under Ohio Rev.Code § 4112.99. Section 4112.99 makes both damages and equitable relief available to remedy employment discrimination in violation of the Ohio Civil Rights law, Ohio Rev.Code ch. 4112. Defendants argue that Plaintiff cannot sue under § 4112.99 because filing a charge with the Ohio Civil Rights Commission ("OCRC") or the Equal Employment Opportunity Commission ("EEOC") precludes a plaintiff from bringing a subsequent suit under § 4112.99. Defendants Kinder and Griswold argue further that a suit cannot be brought under them individually under § 4112.99, because the same standard for liability attaches under § 4112.99 as under Title VII and Title VII does not impose liability for sex discrimination on individual employees.

### I. Election of Remedies

■ To support their argument that Plaintiff must elect between her administrative remedies and the option of bringing suit under § 4112.99, Defendants cite to three Ohio cases holding that a plaintiff who files an age discrimination charge with OCRC or EEOC cannot thereafter bring suit under § 4112.99. Those holdings were based on a construction of Ohio Rev.Code § 4112.08, which provides that a plaintiff filing an administrative charge "is, with respect to the unlawful discriminatory practices complained of, barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code." Both § 4112.14 and § 4112.02(N) pertain exclusively to age discrimination.

There is no parallel statute forcing an Ohio plaintiff to elect between remedies under Title VII and § 4112.99 in the context of race or sex discrimination claims. An Ohio Court of Appeals has expressly held that a plaintiff bringing an action for sex discrimination may bring suit under both statutes, *Larkins v. G.D. Searle & Co.,* 68 Ohio App.3d 746, 750–51, 589 N.E.2d 488, 491 (1991 ), and this Court's research indicates that District Courts routinely permit such claims to go forward, *see, e.g., Kramer v. Windsor Park Nursing Home,* 943 F.Supp. 844 (S.D.Ohio 1996); *Soreo–Yasher v. First Office Management,* 926 F.Supp. 646 (N.D.Ohio 1996); *Spath v. Berry Plastics Corp.,* 900 F.Supp. 893 (N.D.Ohio 1995); *Redman v. Lima City Sch. Dist. Bd. of Educ.,* 889 F.Supp. 288, 292 (N.D.Ohio 1995). Defendants' motion to dismiss Count IV of Plaintiff's amended complaint in its entirety is denied.

### 2. Individual Liability Under § 4112.99

■ Since Plaintiff's § 4112.99 claim is not procedurally barred, the Court must address Defendants Kinder and Griswold's separate argument that § 4112.99 does not impose liability on individual employees. Defendants base their argument on the well-known principle that the standard for establishing a *prima facie* case of discrimination is the

---

1. In fact, they have consistently found that the Sixth Circuit's statement in Jones was *dicta* that provided little guidance in resolving the issue. *Wilson v. Wayne County,* 856 F.Supp. 1254, 1262 (M.D.Tenn.1994); *Johnson v. University Surgical Group Assocs.,* 871 F.Supp. 979, 982–83 (S.D.Ohio 1994).

same under Title VII and Ohio law. *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192; 421 N.E.2d 128 (1981). They argue that since the standard for making out a *prima facie* case of discrimination is the same under both statutes, the Court should also construe the definitions of "employer" the same.

Title VII defines an employer as "a person engaged in an industry affecting commerce. and any agent of such a person...." 42 U.S.C. § 2000e(b). Ohio law defines an employer as "any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." Ohio Rev.Code § 4112.01(A)(2). Thus, the issue is whether the phrase "any person acting directly or indirectly in the interest of an employer" includes individual employees in the definition of "employer" so as to create individual liability, or whether it merely operates to incorporate respondeat superior liability into the statute.

In construing questions of state law, the District Court sits as a state court, and must apply state law in accordance with the controlling decisions of the highest court of the state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the state's highest court has not addressed the issue, the District Court must attempt to ascertain how that court would rule if it were faced with the issue. The Court may use the decisional law of the state's lower courts, other Federal Courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the "majority" rule in making this determination. *Grantham & Mann v. American Safety Prods.*, 831 F.2d 596, 608 (6th Cir.1987). A Federal Court should not disregard the decisions of intermediate appellate state courts unless it is convinced by other persuasive data that the highest court of the state would decide otherwise. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

The Ohio Supreme Court has never addressed the issue of whether § 4112.99 imposes individual liability on employees for sex discrimination. This Court's review of the decisions of Ohio intermediate appellate decisions indicates that those courts have consistently held that individual employees can be liable under § 4112.99. In *Davis v. Black,* 70 Ohio App.3d 359, 370, 591 N.E.2d 11, 19 (1991), the Ohio Court of Appeals reversed a lower court's holding that § 4112.99 did not impose individual liability, and expressly held that "the supervisor for whom an employer may be vicariously liable under the doctrine of respondeat superior is also an employer within this definition." Individual liability was upheld without comment in *Neal v. Hamilton County,* 87 Ohio App.3d 670, 622 N.E.2d 1130 (1993); *Frank v. Toledo Hosp.*, 84 Ohio App.3d 610, 617 N.E.2d 774 (1992); *Barney v. Chi Chi's, Inc.,* 84 Ohio App.3d 40, 616 N.E.2d 269 (1992); and *Larkins v. G.D. Searle & Co.,* 68 Ohio App.3d 746, 750–51, 589 N.E.2d 488, 491 (1991).

Two Federal District Courts applying Ohio law have addressed the issue of individual liability under § 4112.99, and have come to differing conclusions. In *Johnson v. University Surgical Group Assocs.*, 871 F.Supp. at 987, Judge Spiegel found that Ohio courts had at least implicitly approved individual liability under § 4112.99, and held that a co-employee could be held individually liable under that statute. Judge O'Malley, on the other hand, in *Gausmann v. City of Ashland,* 926 F.Supp. 635, 641 (N.D.Ohio 1996), found that the same reasoning behind precluding individual liability under Title VII also precluded individual liability under § 4112.99.

Based on the foregoing, most importantly the interpretation by Ohio appellate courts, this Court is convinced that § 4112.99, unlike Title VII, must be construed to permit individual liability for acts that violate Ohio's employment discrimination law, despite the fact that this construction means that a broader class of individuals may be liable under state law than under federal law. Ohio state courts have consistently construed § 4112.99 to permit individual liability. Also, the fact that the Ohio employment discrimination statutes apply to employers with four or more employees, while the analogous federal statutes apply only to employers with fifteen or more employees, evinces a legisla-

tive intent for the state statute to cover a larger class of persons than does the federal statute; the Court's construction is in harmony with that evident intent. Accordingly, the motion of Defendants Kinder and Griswold to dismiss Count IV of Plaintiff's amended complaint is denied.

### D. Count V. Discharge in Violation of Ohio Public Policy

■ All Defendants have moved to dismiss Count V of Plaintiff's amended complaint on the ground that Plaintiff's allegation of discharge in violation of public policy is essentially a whistleblower claim, and that an action for a whistleblower termination can be brought only under the Whistleblower Protection Act, Ohio Rev.Code § 4113.52. They argue further that any claim Plaintiff might have had under the Whistleblower Protection Act is barred by that statute's 180-day statute of limitations.

Plaintiff responds that an action under § 4113.52 is not the exclusive remedy for a whistleblower action. In support, he cites an intermediate appellate case, *Trader v. People Working Cooperatively, Inc.,* 104 Ohio App.3d 690, 663 N.E.2d 335 (1994), in which a plaintiff who alleged that he had been terminated because he had reported incidents of marijuana use by his fellow employees was permitted to bring a claim for termination in violation of public policy. That court stated that they found:

> the existence of a clear public policy in this case. The legislature has prohibited the abuse of marijuana, and this court has held that the whistleblower statute will support a [termination in violation of public policy] claim. *Haynes v. Zoological Soc. of Cincinnati* (Dec. 22, 1993), Hamilton App. Nos. C–910598 and C–910635, unreported, 1993 WL 538977, reversed on other grounds (1995), 73 Ohio St.3d 254, 652 N.E.2d 948; R.C. 2925.11.

*Id.* at 697, 663 N.E.2d 335.[2] They did not analyze interaction of the Whistleblower Protection Act and the public policy termination

claim beyond citing to the unreported *Haynes* case. Other intermediate appellate courts and federal courts construing Ohio law had consistently held that a plaintiff could not bring a public policy termination claim for whistleblowing activities. *E.g., Bear v. Geetronics, Inc.,* 83 Ohio App.3d 163, 614 N.E.2d 803. (1992); *Rheinecker v. Forest Lab.,* 813 F.Supp. 1307, *reconsideration denied,* 826 F.Supp. 256 (S.D.Ohio 1993), *opinion corrected,* 855 F.Supp. 913 (S.D.Ohio 1994), *Ungrady v. Burns Int'l Sec. Servs., Inc.,* 767 F.Supp. 849 (N.D.Ohio 1991).

The Ohio Supreme Court allowed an appeal in *Trader,* but subsequently dismissed that appeal as improvidently allowed. *Trader v. People Working Cooperatively, Inc.,* 74 Ohio St.3d 1286, 660 N.E.2d 737 (1996). Three of seven justices dissented from the dismissal on the ground that the Court of Appeals' decision was wrong and should not be allowed to stand.

The parties have extensively briefed the issue of whether the Court should follow *Trader's* holding that Ohio law permits a plaintiff to bring a claim of wrongful termination on public policy grounds for whistleblowing activities, or the other cases' holding that it does not. On the allegations of the case at bar, the Court finds it unnecessary to make that determination because under the rule enunciated by the Ohio Supreme Court in *Contreras v. Ferro Corp.,* 73 Ohio St.3d 244, 652 N.E.2d 940 (1995), Plaintiff cannot prevail on a public policy termination claim on these facts even if Ohio law would otherwise permit him to bring one.

■ The plaintiff in *Contreras* brought a suit alleging wrongful termination for his whistleblowing activities, and raised claims for both violation of the Whistleblower Protection Act and termination in violation of public policy. The Ohio Supreme Court first rejected the plaintiff's whistleblower claim, and then held that dismissal of the whistleblower claim mandated dismissal of the termination claim as well. Without deciding the issue, the court held that if the plaintiff were

---

2. The above quotation reflects the text given in the official reporter, although the *Trader* opinion was issued some eight months before *Haynes* was reversed in 1995 and appears to have undergone

some post-issuance editing. *Haynes* was still good law, albeit unreported and therefore not of precedential value, when the *Trader* court used it as a basis for their decision.

entitled to maintain a public policy termination claim:

> then that claim would have to be based upon the public policy embodied in [the Whistleblower Protection Act]. Since appellant did not comply with the statute in the first instance he would have no foundation for a [termination] claim if, in fact, he was entitled to assert such a claim.... Accordingly, we hold that in order for an employee to be afforded protection as a "whistleblower," such employee "must strictly comply with the dictates of [the Whistleblower Act]. Failure to do so prevents the employee from claiming the protections embodied in the statute."

*Id.* at 251, 652 N.E.2d at 946. Thus, because the public policy in Ohio on whistleblowing is deemed embodied within the statute, an employee seeking relief for wrongful termination based on his whistleblowing activities must comply with the requirements of the Whistleblower Act, whether or not he brings his claim under that Act. Plaintiff does not allege that he complied with the written notice requirements of the Whistleblower Act, nor has he filed his suit within the statutory period for bringing such claims. Accordingly, Defendants' motion to dismiss Count V of Plaintiff's amended complaint is granted.

### E. Count VI: Negligent Infliction of Emotional Distress

 Defendants have moved to dismiss Count VI of Plaintiff's amended complaint on the ground that Ohio law does not recognize an independent cause of action for negligent infliction of emotional distress in the employment context. *Tschantz v. Ferguson,* 97 Ohio App.3d 693, 714, 647 N.E.2d 507, 521 (1994); *Antalis v. Ohio Dept. of Commerce,* 68 Ohio App.3d 650, 589 N.E.2d 429 (1990). A plaintiff seeking to recover on a claim for negligent infliction of emotional distress in the workplace can recover only if her claim fits into one of the "traditional" bases for negligent infliction of emotional distress: i.e., physical injury or being within the zone of danger of a physical peril that foreseeably

and proximately caused serious emotional distress to the bystander. *Hatlestad v. Consolidated Rail Corp.,* 75 Ohio App.3d 184, 191, 598 N.E.2d 1302, 1306–07 (1991).

Plaintiff responds that, in the employment context, the Ohio Supreme Court has carved out an exception to the general rule that a plaintiff cannot bring a claim of negligent infliction of emotional distress absent physical injury. In *Kerans v. Porter Paint Co.,* 61 Ohio St.3d 486, 575 N.E.2d 428 (1991), the Ohio Supreme Court permitted a plaintiff to bring a tort claim of "intentional or negligent infliction of emotional distress" against an employer where the claim was based on repeated acts of severe sexual harassment committed by a supervisor who had a history of sexually aggressive behavior toward women subordinates in the workplace. Specifically, the plaintiff in *Kerans* alleged that the supervisor had touched her breasts without her consent, put his hand up her dress against her will, forced her to touch his genitalia, exposed himself to her in a back room, and finally appeared naked before her and requested that she watch him masturbate.[3] *Id.* at 487, 575 N.E.2d at 430. There had been at least eight to ten incidents reported to management in which other women were molested in a similar manner, prior to the incident involving Kerans. *Id.* at 493, 575 N.E.2d at 434.

The defendant company, while not denying that Kerans had alleged facts sufficient to state a claim for intentional infliction of emotional distress, moved for summary judgment on the grounds that (a) Kerans' claim was preempted by Ohio workers' compensation law, and (b) the supervisor had been acting outside the scope of his employment at the time of the harassment. The Ohio Supreme Court rejected both arguments. It held that:

> where a plaintiff brings a claim against an employer predicated upon allegations of workplace sexual harassment by a company employee, and where there is evidence in the record suggesting that the employee has a past history of sexually harassing

---

**3.** This Court's research indicates that the supervisor's alleged acts violated Ohio Rev.Code §§ 2907.03 (sexual battery, a third degree felony), 2907.05 (gross sexual imposition, a fourth degree felony), 2907.06 (sexual imposition, a third degree misdemeanor), and 2907.09 (public indecency, a fourth degree misdemeanor).

behavior about which the employer knew or should have known, summary judgment may not be granted in favor of the employer.

*Id.* at 492–93, 575 N.E.2d at 433.

██ This Court's review of subsequent Ohio state and federal cases construing *Kerans* indicates that those holdings have universally limited *Kerans* to its facts, permitting claims for negligent infliction of emotional distress predicated on workplace sexual harassment only where the harassment complained of was of such severity as to constitute a felonious sexual assault under Ohio law. *See, e.g., Crihfield v. Monsanto Co.,* 844 F.Supp. 371 (S.D.Ohio 1994) (claim allowed where supervisor repeatedly fondled and exposed himself to plaintiff, had a past history of sexually molesting female employees, and had a criminal conviction for indecent exposure); *Tschantz v. Ferguson,* 97 Ohio App.3d 693, 647 N.E.2d 507 (1994) (claim dismissed where female subordinate engaged in *quid pro quo* sexual relationship with male superior). This Court agrees with the reasoning of those cases. To hold otherwise would be to open the floodgates to a class of litigation where the injury complained of can easily be feigned without detection, and where the damages must rest upon mere conjecture or speculation. The rule that a claim for negligent infliction of emotional distress based upon sexual harassment must be predicated on allegations of conduct that can form the basis of a criminal conviction limits those claims to only the most serious allegations of inappropriate conduct and effectively guards against the risk of frivolous or speculative claims.

Applying that rule to the facts of the case at bar, it is clear that Plaintiff's negligent infliction of emotional distress claim must be dismissed. The physical contact Plaintiff alleges consisted solely of Defendant Kinder touching Plaintiff's chest, sides, and shoulders, and putting his arm around Plaintiff. None of these contacts constitutes a sexual assault of any sort under Ohio law. Plaintiff does not allege that his claim fits into either of the "traditional" bases for a claim of negligent infliction of emotional distress.

He does not allege that he was either physically injured or was within the zone of danger of a physical peril that foreseeably and proximately caused him serious emotional distress. Therefore, Defendants' motion to dismiss Count VI of Plaintiff's amended complaint is granted.

### F. Count VIII: Negligent or Intentional Failure to Provide a Safe Work Environment

Defendant have moved to dismiss Count VIII of Plaintiff's amended complaint on the ground that Ohio law does not recognize a cause of action for failure to provide a safe work environment, that Plaintiff's claim for negligent failure to provide a safe work environment is preempted by Ohio workers' compensation law, and that Plaintiff has failed to meet the pleading standards to bring a claim for an intentional tort.

██ Ohio law does recognize such a cause of action. In *Kerans,* 61 Ohio St.3d at 493, 575 N.E.2d at 433, the Ohio Supreme Court expressly held that "[a]n employer has a duty to provide its employees with a safe work environment and, thus, may be independently liable for failing to take corrective action against an employee who poses a threat of harm to fellow employees." The employer's liability is not barred by worker's compensation, even where the conduct is merely negligent, rather than intentional. *Id.* Thus, Defendant's motion to dismiss Plaintiff's claim for negligent failure to provide a safe work environment must be denied.

██ Defendant argues that Plaintiff's claim for intentional failure to provide a safe work environment must be assessed under the standard set forth in *Fyffe v. Jeno's, Inc.,* 59 Ohio St.3d 115, 570 N.E.2d 1108 (1991). That Court held that an employee alleging that his workplace injuries were caused by an intentional act of the employer must plead and prove:

(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by

his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Id.* at syllabus (citing *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988)).[4]

Before addressing whether Plaintiff's allegations meet the pleading standard set forth in *Fyffe*, however, the Court must determine whether Plaintiff has alleged an intentional tort under Ohio Rev.Code § 2745.01, which provides the exclusive basis upon which an employer may be liable for damages for an intentional tort under Ohio law. Under that section, an employer is liable only if an employee shows by clear and convincing evidence that the employer deliberately and intentionally injures, causes an occupational disease of, or causes the death of an employee. Ohio Rev.Code § 2745.01(B) & (D). This Court's research indicates that no Ohio court has held § 2745.01 to be a basis of recovery in sexual harassment cases. Search of Westlaw, OH–CS–ALL database (search for cases containing "2745.01" and either "sexual harassment," "emotional," or "psychological"). On the other hand, the legislative history of § 2745.01 indicates that the Ohio legislature intended the statute to cover psychological, as well as physical injuries. Out of an abundance of caution, therefore, the Court will assume that a § 2745.01 action may be brought in this context, and will address, on the merits, the issue of whether Plaintiff has sufficiently pled that his employer "deliberately and intentionally injure[d]" him.

■■■ If Plaintiff is to bring a claim for deliberate and intentional injury by his employer on the allegations before the Court, such claim must be in the nature of a claim for intentional infliction of emotional distress. A plaintiff alleges facts sufficient to support a finding of intentional infliction of emotional distress by alleging that the defendant has engaged in conduct which has been:

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'
>
> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.

*Yeager v. Local Union 20*, 6 Ohio St.3d 369, 375, 453 N.E.2d 666, 671 (1983) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). It is proper for the Court to determine whether a plaintiff has sufficiently alleged facts to support a claim of intentional infliction of emotional distress on a motion to dismiss. *See Rogers v. Targot Telemarketing Servs.*, 70 Ohio App.3d 689, 695, 591 N.E.2d 1332, 1335 (1990).

Plaintiff here alleges that Defendant Kinder made sexual comments to Plaintiff such as "give me a kiss" and "you have a sexy ass," touched Plaintiff's chest, sides, and shoulders, put his arm around Plaintiff, and frequently puckered his lips toward Plaintiff. Plaintiff alleges that Defendant Griswold ridiculed Plaintiff and used foul language around him, and falsely subjected Plaintiff to discipline. The facts Plaintiff alleges are insults, indignities and annoyances of the sort to which liability does not extend, they do not rise to the level of outrageousness required

---

4. The Ohio Supreme Court has held that the first prong of the *Fyffe* test is not applicable to cases where the employer's alleged failure to provide a safe work environment resulted in purely emotional or psychological injuries. *Kerans,* 61 Ohio St.3d at 495, 575 N.E.2d at 435.

to sustain a claim for intentional infliction of emotional distress.

Since Plaintiff does not allege facts sufficient for a claim of intentional infliction of emotional distress, and does not allege that his employer intentionally caused him a physical injury, his claim for intentional failure to provide a safe work environment must fail. Thus, Defendant's motion to dismiss Plaintiff's claim for intentional failure to provide a safe work environment must be granted.

Therefore, Defendants' motion to dismiss Count VIII of Plaintiff's amended complaint is granted insofar as that Count alleges an intentional failure to provide a safe work environment, and denied insofar as that Count alleges a negligent failure to provide a safe work environment.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted as to Counts I, II, V, VI, and VIII, insofar as Count VIII alleges an intentional failure to provide a safe work environment, and denied as to Counts IV and VIII, insofar as Count VIII alleges a negligent failure to provide a safe work environment.

Counts I and II of Plaintiff's amended complaint are dismissed against Defendants Kinder and Griswold. Counts V and VI, and Count VIII insofar as that Count alleges an intentional failure to provide a safe work environment, are dismissed.

Counts I and IT against Defendant Fresenius USA, Inc., and Counts III, IV, VII, and VIII insofar as Count VIII alleges a negligent failure to provide a safe work environment, remain in the case for further disposition.

IT IS SO ORDERED.