OPINION
Appellant, Kimberly Singer, appeals from the March 7, 2001 judgment entry of the Trumbull County Court of Common Pleas dismissing her complaint.
On December 1, 2000, appellant filed a complaint naming appellees, UAW Local Union 1112 ("Local 1112") and Robert Monoski ("Monoski"), as defendants. Appellant's complaint stated six causes of action: race discrimination by Local 1112, in violation of R.C. 4112; sex discrimination by Local 1112, in violation of R.C. 4112; a public policy violation; civil conspiracy by appellees; intentional/negligent infliction of emotional distress by Local 1112; and, negligence by Local 1112.
Appellant's complaint alleged the following facts: appellant and Monoski were both members of Local 1112; appellant was employed in a paint spray booth; Monoski assaulted appellant by spraying her face shield with black paint; Monoski had previously taunted appellant on the basis of her race and sex; appellant reported Monoski's conduct to Local 1112; appellant was suspended from Local 1112 for conduct unbecoming a union member as a result of charges brought by Monoski; the Civil Rights Committee Chairman of Local 1112 told appellant that Monoski's conduct was out of his hands; and, as a result of the conduct of Local 1112 and Monoski, appellant suffered severe emotional distress.
On January 16, 2001, Local 1112 filed a motion pursuant to Civ.R. 12(B)(6) to dismiss appellant's complaint for failure to state a claim. Monoski filed a similar motion on February 13, 2001. The trial court granted both motions in its March 7, 2001 judgment entry.
Appellant has filed a timely appeal and makes the following assignment of error:
 "The trial court erred in granting [appellees' Civ.R.] 12(B)(1) and 12(B)(6) motions."[1]
When reviewing a trial court decision granting a Civ.R 12(B)(6) motion, an appellate court must independently assess the complaint denovo. In Defense of Deer v. Cleveland Metroparks (2000),138 Ohio App.3d 153, 160. The factual allegations in the complaint should be presumed to be true and the court should make all reasonable inferences in favor of the nonmoving party. Id. Dismissal of the complaint is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Id.
In the first two causes of action set forth in appellant's complaint, she alleges that Local 1112 violated R.C. 4112 by racially and sexually discriminating against her. R.C. 4112.02(C)(1) prohibits any labor organization from limiting or classifying its membership on the basis of race, color, religion, sex, national origin, disability, age, or ancestry, while R.C. 4112.02(C)(2) prohibits any labor organization from discriminating against, limiting the employment opportunities of, or otherwise adversely affecting "the employment status, wages, hours, or employment conditions of any person as an employee because of race, color, religion, sex, national origin, disability, age, or ancestry." (Emphasis added.)
Here, appellant has failed to allege any violation of R.C. 4112.02(C)(1). There is no suggestion in her complaint that Local 1112 limited or classified its membership on the basis of race.
In connection with a possible violation of R.C. 4112.02(C)(2), we would note that in examining a gender-discrimination claim under Title VII of the Civil Rights Act of 1964, the First Appellate District held that harassment can be severe and pervasive enough so as to create a work environment that "a reasonable person would perceive as hostile or abusive and as altering the terms or conditions of employment * * *." (Emphasis added.) Bucher v. Sibcy Cline, Inc. (2000), 137 Ohio App.3d 230,245; Malloy v. Cleveland (Mar. 4, 1999), Cuyahoga App. No. 73789, unreported, 1999 WL 127254, at 4.
Further, an employee may bring a claim against an employer for hostile-work-environment racial harassment if the employee can establish that (1) the employee was a member of the protected class, (2) the employee was subjected to unwelcome harassment, (3) the harassment complained of was based upon race, (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment, and (5) the existence of respondeat superior liability. Bell v. CuyahogaCommunity College (1998), 129 Ohio App.3d 461, 466-467.[2]
Here, appellant has filed a complaint against her labor union, not her employer, and has failed to identify any case law that would suggest that Local 1112 should be liable for discriminatory conduct in her workplace environment. Local 1112 did suspend appellant from the union, but appellant has not alleged that this suspension adversely affected her employment status, wages, hours, or employment conditions. Therefore, with respect to counts one and two of appellant's complaint, we are unable to discern a claimed violation of R.C. 4112.02 by Local 1112 based on the facts alleged by appellant.
In her third cause of action, appellant alleges that Local 1112 violated public policy by discriminating against her on the basis of her sex and race. As was previously discussed, appellant does not allege acts on the part of Local 1112 that would constitute a violation of R.C. 4112. Further, the case law in Ohio addressing public policy violations in the employment context involve the wrongful discharge of an at-will employee. See Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134,150; Greeley v. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228, paragraph three of the syllabus. Here, appellant was not discharged, but simply suspended from her union. Consequently, the facts alleged by appellant do not demonstrate that Local 1112 violated public policy.
Appellant's fourth cause of action alleges that Local 1112 and Monoski entered into a civil conspiracy, and that independent from that conspiracy, her civil rights were violated. A civil conspiracy consists of four elements: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." Universal Coach, Inc. v. NewYork City Transit Auth., Inc. (1993), 90 Ohio App.3d 284, 292. In this case, appellant has failed to show an unlawful act independent of the conspiracy was committed.
Appellant alleges that her civil rights were violated, but while the conditions of appellant's employment may have been altered due to a hostile and abusive work environment created by Monoski, as a matter of law, no violation of R.C. 4112 was committed by either Local 1112 or Monoski. R.C. 4112.02 does not impose an affirmative duty upon labor organizations to prevent racial harassment in the workplace, and appellant has not alleged any direct harassment on the part of Local 1112. As for Monoski, as appellant's coworker, he could not independently violate R.C. 4112 since it does not address discrimination on the part of fellow employees in non-supervisory positions. Therefore, within the context of her complaint, appellant did not identify an unlawful act independent from the actual conspiracy.
In the fifth cause of action contained in her complaint, which is entitled (Intentional/Negligent Infliction of Emotional Distress), appellant alleges that "[t]he untoward acts of Local 1112 in accepting dues while engaging in the discriminatory and retaliatory harassment of [appellant] are utterly intolerable in a civilized society. * * * As a direct and proximate result thereof, [appellant] has suffered severe emotional distress and has been caused to seek psychiatric care."
To recover for intentional infliction of emotional distress, a plaintiff must prove the following: (1) the defendant intended to cause serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. Phung v. Waste Mgt., Inc. (1994),71 Ohio St.3d 408, 410. "Behavior that rises to the level of intentional infliction of emotional distress must be more than aggravating. Only conduct that is truly outrageous, intolerable, and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable degree of inconsiderate, annoying and insulting behavior."Petrarca v. Phar-Mor, Inc. (Sept. 21, 2001), Trumbull App. No. 2000-T-0121, unreported, 2001 WL 1117015, at 2, citing Yeager v. LocalUnion 20 (1983), 6 Ohio St.3d 369, 375. Here, appellant alleges in her complaint that Local 1112 suspended her for one year for conduct unbecoming a union member. She further alleges that the civil rights committee chairman of Local 1112 told her that Monoski's conduct was out of his hands. In view of the foregoing analysis, this court holds that appellant's complaint fails to allege actions on the part of Local 1112 that constitute outrageous conduct beyond the bounds of decency.
With respect to appellant's claim for negligent infliction of emotional distress, the general rule in Ohio is that negligent infliction of emotional distress is not recognized as a separate tort in the employment context. Tschantz v. Ferguson (1994), 97 Ohio App.3d 693, 714; Hatlestadv. Consol. Rail Corp. (1991), 75 Ohio App.3d 184, 191; Strawser v.Wright (1992), 80 Ohio App.3d 751, 754. Contra Lloyd v. Bard Mfg. Co. (Nov. 25, 1994), Williams App. No. 91-CI-0000029, unreported, 1994 WL 660164, at 3. Even if this cause of action were recognized in the employment context, recovery for negligent infliction of severe emotional distress typically requires that the plaintiff either witness or experience a dangerous accident and/or be subject to an actual physical peril. Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 163. In this case, appellant alleges no facts indicating that she witnessed a dangerous accident or was exposed to physical peril.
Finally, appellant's sixth cause of action alleges that Local 1112 was negligent in its representation of appellant. Local 1112 suggests in its brief that appellant's claim for unfair representation is pre-empted by federal law. However, the United States Supreme Court has held that state remedies are not pre-empted where the regulated activity was a peripheral concern of the Labor Management Relations Act. Vaca v. Sipes (1967),386 U.S. 171, 180. The Supreme Court noted that:
 "[a] primary justification for the pre-emption doctrine the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency created by Congress for that purpose is not applicable to cases involving alleged breaches of the union's duty of fair representation." Id. at 180-181.
The Supreme Court of Ohio has cited Vaca for the proposition that "state courts have jurisdiction over an action against a union by an employee for unfair representation." Haraszthy v. Office ProfessionalEmp. Internatl. Union, Local 17 (1991), 74 Ohio App.3d 297, 302. SeeBredesen v. Detroit Fedn. of Musicians, Local No. 5 (E.D.Mich. 2001),165 F. Supp.2d 647, 653, fn. 1. Therefore, we conclude that appellant's cause of action for Local 1112's breach of its duty of fair representation is not pre-empted.
"A union breaches its duty of fair representation when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." McKee v. Youngstown Steel Door Co. (1980), 4 Ohio App.3d 32, paragraph one of the syllabus. Here, appellant alleges that she complained to Local 1112 about Monoski spray painting her facemask and that the Trial Committee determined that his conduct was horseplay. Although the International Appeals Committee found the determination of Local 1112's Trial Committee's to be questionable, we cannot infer from appellant's allegations that Local 1112 acted in bad faith, or in an arbitrary or discriminatory manner.
Appellant's complaint contains several allegations from which this court could infer that Monoski's actions were motivated by racial hostility. However, Monoski was not an agent of Local 1112; therefore, in determining whether appellant has stated a claim for a breach of the duty of fair representation, allegations concerning his conduct must be distinguished from those concerning the conduct of Local 1112. Therefore, even if we accept appellant's averments as true, her complaint does not state a cause of action for negligent representation on the part of Local 1112.
For the foregoing reasons, we conclude that appellant has failed to state a claim upon which relief can be granted. Therefore, the judgment of the Trumbull County Court of Common Pleas is affirmed.
DONALD R. FORD, CHRISTLEY, J., concurs.
GRENDELL, J., dissents with Concurring/Dissenting Opinion.
[1] Neither Local 1112 nor Monoski filed a Civ.R. 12(B)(1) motion in this matter. However, Local 1112 argued within its Civ.R. 12(B)(6) motion that appellant's fifth and sixth causes of action were preempted by federal law, thereby raising an issue as to the trial court's jurisdiction with respect to that portion of appellant's complaint.
[2] In Bucher, 137 Ohio App.3d 230, 245, the First Appellate District cited Williams v. Gen. Motors Corp. (C.A.6, 1999), F.3d 553, 562-563, for the proposition that the focus should be on the harassing conduct in the aggregate without regard for the identity of the perpetrator.